■ GAREEN OSSERMAN, Respondent, v GEORGE OSSERMAN, Appellant. — In a matrimonial action, defendant appeals (1) from an order of the Supreme Court, Suffolk County (Thom, J.), dated February 4, 1981, which denied his motion to dismiss the action for lack of in personam jurisdiction based upon the claim that court-ordered expedient service pursuant to CPLR 308 (subd 5) was improper, (2) as limited by his brief, from so much of an order of the same court (Geiler, J.), dated November 13, 1981, as directed defendant to pay $150 per week, *pendente lite,* for the support and maintenance of the infant issue of the marriage, and (3) from an order of the same court (Geiler, J.), dated November 19, 1981, which denied defendant's renewed motion to dismiss the action for lack of in personam jurisdiction based upon the claims that defendant is neither a domiciliary nor a resident of New York, that the matrimonial domicile was not in New York when the parties separated, and that there was no abandonment in New York, and which directed "the defendant and/or his attorney" to appear for examination before trial. Order dated February 4, 1981, affirmed. Order dated November 13, 1981, reversed, insofar as appealed from, and that branch of plaintiff's motion which sought an award of support and maintenance for the infant issue of the parties, *pendente lite,* is denied. Order dated November 19, 1981, modified, by striking so much of the second decretal paragraph thereof as directs defendant's attorney to appear for examination before trial. As so modified, order affirmed. The examination shall proceed at a time and place to be designated by plaintiff in a written notice of not less than 20 days, or at such time and place as the parties may agree. Respondent is awarded one bill of costs. On or about October 9, 1980, plaintiff moved pursuant to CPLR 308 (subd 5) for an order allowing her to commence this divorce action by service of the summons upon defendant's attorney, on the ground that service under CPLR 308 (subds 1, 2, 4) was impracticable (see Domestic Relations Law, § 232, subd a). The application was granted, and defendant's attorney was served on October 24, 1980. By notice of motion, dated November 10, 1980, defendant, through his attorney, moved to dismiss for lack of personal jurisdiction (CPLR 3211, subd [a], par 8). The claim upon which the motion was based was set forth in the supporting affirmation of defendant's attorney as follows: "7 * * * Since the type of service employed does not give this court personal jurisdiction, the summons must be dismissed as

requesting relief unobtainable herein. 8. I know of no rule of law that permits a court to obtain personal jurisdiction by having the summons served upon an attorney who represented the defendant in negotiations for a separation agreement". There was no indication in the motion papers that in addition to contesting the manner of service, defendant was generally raising the question of whether there was a basis for personal jurisdiction. Almost as an afterthought, at the end of his affirmation, defendant's attorney referred to CPLR 302 (subd [b]) and stated that "I know, of my own personal knowledge, the defendant is not a resident of New York State and that he had not been a resident of New York State for several years". No effort was made to negate the existence of other possible connections between defendant and this State which could provide a basis for the exercise of jurisdiction over him and no mention was made of CPLR 301 at all. Not surprisingly, the order of Justice Thom, dated February 4, 1981, denying the motion, only mentions the service issue. By notice of motion dated June 24, 1981, defendant again moved to dismiss pursuant to CPLR 3211 (subd [a], par 8). On the first page of his affidavit in support of that motion, defendant's attorney stated: "The present application is made upon different grounds [from the previous motion to dismiss] as can be seen from the facts set forth herein". The affidavits and annexed exhibits in support of that motion attempted to prove, at length, that defendant is not domiciled in New York, that the marital domicile has not been in New York since 1969, that defendant does not reside in New York, that he does not practice law in New York, and that he does not file New York State income tax returns. Justice Geiler denied the motion by order dated November 19, 1981. That the first motion was not intended to raise issues pertaining to the basis for asserting personal jurisdiction over defendant is again confirmed by defendant in his brief on his appeal from the order dated November 19, 1981. Thus, he asserts that he "was not barred from presenting before Justice Geiler the facts of non-residence, which had not been before Justice Thom, and were not ruled on by Justice Thom". Apparently defendant's position is that the doctrine of the law of the case did not foreclose a second motion to dismiss brought after the court determined his first motion for that relief, since the second motion was based on new grounds. However, the rule is that generally, if the relief sought upon a motion is the same as that sought upon a prior motion, and the second motion is only distinguished in that different grounds are set forth, then the second motion is, in fact, in the nature of renewal (2 Carmody-Wait 2d, NY Prac, § 8:74). Defendant's second motion to dismiss is in this category, and, as such, should have been referred to the Judge who decided the first (CPLR 2221; *Marine Midland Bank v Fisher,* 85 AD2d 905), to consider in his discretion (*Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865, 866). Nonetheless, in the interest of judicial economy, rather than reversing the order dated November 19, 1981 because of the failure to transfer the renewed motion to Justice Thom, we exercise our discretion by addressing the renewed motion to dismiss on the merits. We hold that the arguments urged in support of defendant's renewed motion were waived by his failure to raise them on his prior motion to dismiss. "An objection based upon a ground specified in paragraphs eight or nine of subdivision (a) [of CPLR 3211] is waived if a party moves on any of the grounds set forth in subdivision (a) without raising such objection or if, having made no objection under subdivision (a), he does not raise such objection in the responsive pleading" (CPLR 3211, subd [e]). "The purpose of [this provision] is to prevent the defendant from wasting both the 'court's or the plaintiff's time on any 3211 motion on any ground * * * unless on that motion he joins his jurisdictional ground'" (*Competello v Giordano,* 51 NY2d 904, 905, quoting Siegel, Practice Commentaries,

McKinney's Cons Laws of NY, Book 7B, CPLR C3211:59, p 63). The bare mention of defendant's residence in the first motion, as made clear by the later statements of defendant's attorney, was not intended to raise the matter of the basis for personal jurisdiction. Nor could it, since an objection to jurisdiction "requires a sufficiently particularized pleading [or motion] to apprise the plaintiff of its nature with sufficient clarity to avoid prejudice by inducing quiescence" (*Gager v White,* 53 NY2d 475, 489; cf. *Walden v Thagard,* 67 AD2d 973). By only raising a claim of defective service in his initial motion to dismiss, defendant waived any other objections to the court's assertion of jurisdiction over his person (cf. *Cachat v Guertin Co.,* 53 NY2d 475, 489, n 11). On plaintiff's application under CPLR 308 (subd 5) for leave to make expedient service of the summons, it was shown that the process server went twice to the Brittany Regency Hall at 55 East 10th Street in New York City, which was defendant's residence address according to information given by the plaintiff, and was told by the manager that the defendant was not there. The process server also stated, in his affidavit, that he went to the office of Mass Auto Leasing located at 655 Third Avenue in New York City, where the receptionist told him that the defendant was in Europe at that time. He contacted Mass Auto Leasing on a later date, and was again informed that defendant was in Europe. According to plaintiff, she has been informed that defendant has no intention of returning to this country because of pending legal proceedings against him. By its order dated October 17, 1980, Special Term directed, *inter alia,* "that service of a copy of the summons attached hereto upon the defendant George Osserman be effected by service of said summons along with a copy of these motion papers upon the defendant's attorney, Theodore Tonkonogy, Esq., who maintains an office at 655 Third Avenue, New York, New York". In moving to vacate that order, it was urged on behalf of the defendant that expedient service of the summons upon his attorney was inappropriate. Since Theodore F. Tonkonogy was not only the defendant's uncle, but also his attorney in other matters and over a long period of time had engaged in substantial negotiations on defendant's behalf concerning a proposed separation agreement between the parties, we conclude that the expedient method of service of the summons upon defendant by delivery to Mr. Tonkonogy was fair, adequate and reasonably calculated, under all of the circumstances, to apprise the defendant of the action brought against him (see *Mullane v Central Hanover Bank & Trust Co.,* 339 US 306). It is also highly significant that defendant is apparently seeking to avoid exposure to our judicial system by remaining outside the country. Such conduct justified plaintiff's use of an expedient method of service (*Liebeskind v Liebeskind,* 86 AD2d 207, affd 58 NY2d 858). We, therefore, hold that the order of February 4, 1981, denying defendant's motion to dismiss the action for lack of personal jurisdiction was proper and must be affirmed. Inasmuch as the plaintiff concedes that she does not have custody of the infant child of the marriage, and since it further appears that the defendant has been voluntarily supporting the infant, we find no basis for the award of child support and maintenance in the order of November 13, 1981, and accordingly the branch of plaintiff's motion seeking that relief must be denied. So much of the order dated November 19, 1981, as directed that defendant's attorney, Theodore F. Tonkonogy, submit to an examination before trial in relation to defendant's financial condition, must be stricken for the reasons that (1) there is no showing that he is possessed of such information, and (2) he stated in his opposing affidavit that if he had such information he "would refuse to testify on the ground of attorney-client privilege". Since relevant answers to questions pertaining to defendant's financial condition, sought to be asked by plaintiff's counsel, would be privileged (CPLR 3101, subd [b]), and are here claimed so to be, it would be futile to

permit such inquiry of defendant's counsel (*Di Francesco v Di Francesco*, 47 Misc 2d 632; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.38). Lazer, J. P., Mangano, Gibbons and Weinstein, JJ., concur.