■ PEYTON BOSWELL, III, Appellant, v JIMINY PEAK, INC., Respondent, et al., Defendants. — In an action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Nassau County (Young, J.), dated May 4, 1982, which granted the motion of defendant Jiminy Peak, Inc., to dismiss the action as to it for lack of in personam jurisdiction. Order reversed, with costs, and motion denied. The motion by defendant Jiminy Peak, Inc., pursuant to CPLR 3211 (subd [a], par 8) to dismiss for lack of in personam jurisdiction was based upon CPLR 301 and 302. Since it was brought more than one year after service of the answer it should have been made under CPLR 3212 (see *Connell v Hayden,* 83 AD2d 30, 32) and Special Term should have given notice to the parties that the motion would be treated as one for summary judgment (see *Rich v Lefkovits,* 56 NY2d 276). We need not decide whether a reversal is warranted on this ground alone, however, because, in any case, defendant Jiminy Peak, Inc., has waived any objection it may have to a purported lack of a basis for personal jurisdiction under CPLR 301 or 302. Objections to jurisdiction, other than subject matter jurisdiction, are waived if not raised in either a motion brought before the time service of the responsive pleading is required, or in the responsive pleading itself (CPLR 3211, subd [e];

*Gager v White,* 53 NY2d 475). Jiminy Peak, Inc., did not bring a timely motion to dismiss. Its answer contains, as affirmative defenses, assertions that the court lacks subject matter jurisdiction and that it was not properly served. No mention is made of the claim, raised in the motion, that there is no basis for jurisdiction under either CPLR 301 or 302. Therefore, that claim must be deemed waived (cf. *Osserman v Osserman,* 92 AD2d 932). Thus, we need not decide whether there exist sufficient connections between this State and defendant Jiminy Peak, Inc., so as to conclude that CPLR 301 or 302 would be satisfied. Damiani, J. P., Mangano, Gibbons and Niehoff, JJ., concur.