■ COMMONWEALTH METAL CORPORATION, Respondent, v PARAGON AUTO RADIATOR CORPORATION et al., Appellants.—In an action, *inter alia,* to recover for goods sold and delivered, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated July 12, 1985, as denied their motion to vacate a default judgment entered against them on March 23, 1983, except to the extent of directing a reassessment of damages.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants' contention that personal jurisdiction was never properly acquired over the individual defendants is without merit since the defendant Lillian Newman was personally served and defendant Seymour Newman stipulated to appear "as if he were timely personally served with said papers". Moreover, nothing occurred during the course of this proceeding to vitiate the personal jurisdiction over both these defendants.

Special Term did not abuse its discretion in declining to vacate the default judgment entered against the defendants since they failed to demonstrate any valid excuse for their default *(see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138; *Tandy Computer Leasing v Video X Home Lib.,* 124 AD2d 530; *Awad v Severino,* 122 AD2d 242; *see also, Oberlein v City of New York,* 51 AD2d 805). Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.