■ VINCENT YANNI, Respondent, v MANNY CHOPP et al., Appellants.—In a medical malpractice action to recover damages for personal injuries, the defendants appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Queens County (Bambrick, J.), entered September 16, 1985, as granted those branches of the plaintiff's motion which were for (a) leave to serve a supplemental summons and amended complaint to reflect that the defendant Rego Park Nursing Home was a partnership, that the individual partners were Manny Chopp and Israel Fogel, and that they be brought into the action as partners and individuals, with service of the supplemental summons and amended complaint deemed complete upon service of the order to show cause, and (b) preclusion of the defendants from asserting affirmative defenses in their answer to the amended complaint relative to personal jurisdiction and the Statute of Limitations; and (2) from so much of an order of the same court entered February 14, 1986, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order entered September 16, 1985 is dismissed, as that order was superseded by the order entered February 14, 1986 made upon reargument; and it is further,

Ordered that the order entered February 14, 1986 is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

It is alleged that the plaintiff's decedent James Yanni received negligent care while a patient in the defendant Rego Park Nursing Home, resulting in the amputation of his right leg. In March 1982 a lawsuit was commenced in Supreme Court, Queens County, against Rego Park Nursing Home, alleged to be a corporation. Upon learning that the nursing home was operated as a partnership, an identical action was started in July 1982 in the Supreme Court, Kings County,

against "Manny Chopp and Israel Fogel, individually and doing business as Rego Park Nursing Home". The same attorneys appeared for all the defendants in both actions. By order entered April 19, 1983 (Jordan J.), the Kings County action was dismissed on the ground that: "There is an action pending in Queens County that may have a defect in the title in that the defendant REGO PARK NURSING HOME is listed as a corporation when in fact it is a partnership. The plaintiff should pursue his remedies in Queens County to correct such pleading defect and not bring an action in Kings County".

It is noted that in an affirmation dated December 9, 1982 the counsel for the defendants, while urging that the Kings County action should be dismissed, conceded that proper service had been made on the defendants Chopp and Fogel, thusly: "Initially, before bringing on this motion, your affirmant suggested to plaintiff's counsel that this action, pending in Kings County, be discontinued. In consideration therefor and in light of the fact that the individual partners have been served, the defendants would consent to an amendment of the caption in the original action pending in Queens County to reflect the partnership status of the defendant REGO PARK NURSING HOME".

Initially, we note that, absent prejudice, leave to amend shall be freely given with the "widest possible latitude" being extended to the courts (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.14; *see also,* CPLR 3025, 305 [c]; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *Murray v City of New York,* 43 NY2d 400, *rearg dismissed* 45 NY2d 966). Further, "[s]o long as the correct defendant is served, and the basis of jurisdiction is thus established, the fact that he is misnamed or that there are other formal errors on the face of the summons ought not to divest the court of jurisdiction", absent prejudice (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C305:4, at 178; *see also, Princeton Textile Print. Corp. v Peek Paper Corp.,* 195 Misc 955, *affd* 275 App Div 1024).

We find that Special Term properly granted the relief sought by the plaintiff. The defendants "Manny Chopp and Israel Fogel, individually and doing business as Rego Park Nursing Home" were properly served in the Kings County action, both as individuals and as a partnership. Further, the defendants' counsel conceded the validity of the service of process on the defendants and requested the dismissal of the Kings County action *(see, e.g., Commonwealth Metal Corp. v Paragon Auto Radiator Corp.,* 128 AD2d 751). Under these

unusual circumstances, implicit in the dismissal of the Kings County action was the condition that the identical Queens County action would proceed without jurisdictional objection *(see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:16, at 23). Moreover, in this factual setting, the defendants are equitably estopped from contesting jurisdiction or raising the defense of the Statute of Limitations in the Queens action. Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.