■ EARL E. HATCH et al., Appellants, v TU THI TRAN, as Administrator of the Estate of PHE V. HEYNH, Deceased, et al., Defendants, and MAPLE DONUTS, INC., et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Lodato, J.), dated October 26, 1988, as granted the cross motion of the defendants Maple Donuts, Inc., and Eugene Bollinger to dismiss the complaint insofar as it is asserted against them for lack of in personam jurisdiction.

Ordered that the order is reversed insofar as appealed from, with costs, the cross motion of the defendants Maple Donuts and Eugene Bollinger is denied, the complaint is reinstated insofar as it is asserted against them, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The plaintiff Earl Hatch was injured in a multi-vehicle accident in New Jersey while operating a bus. This appeal concerns the dismissal of the complaint insofar as it is asserted against the respondent Maple Donuts, Inc., and its employee, the respondent Eugene Bollinger, who was operating a truck involved in the accident. In a joint answer, the respondents raised the affirmative defense that "the Complaint was not properly served and hence, the Court lacks jurisdiction over the said defendants herein". In response to a motion by the plaintiffs to vacate a conditional order of preclusion, the respondents cross-moved to dismiss the complaint on the ground that there was no basis for jurisdiction over them in New York. Affidavits submitted in support of the cross motion contained allegations that Bollinger was a resi-

dent of Pennsylvania and that Maple Donuts, Inc., a Pennsylvania corporation, was not doing business in New York. No allegations were made with respect to defective service of the complaint. The court granted the respondents' cross motion, rejecting the plaintiffs' argument that the respondents had waived the claim of a lack of a basis for jurisdiction by failing to raise it in their answer.

We conclude that the court erred in granting the respondents' cross motion. An objection to personal jurisdiction is waived unless it is raised in the answer or in a preanswer motion to dismiss, whichever comes first (see, Gager v White, 53 NY2d 475, cert denied sub nom. Guertin Co. v Cachat, 454 US 1086; CPLR 3211 [e]). Since a challenge to the basis of the court's jurisdiction is distinct from a claim of defective service of process, the respondents were required to plead this defense with particularity (see, Gager v White, supra; cf., Rich v Lefkovits, 56 NY2d 276). Fairly read, the affirmative defense in the respondents' answer raised only the claim of defective service of the complaint; therefore any contention with respect to the basis of the court's in personam jurisdiction was waived (see, Boswell v Jiminy Peak, 94 AD2d 782; cf., Osserman v Osserman, 92 AD2d 932).

The complaint insofar as it is asserted against the respondents is reinstated, and the matter is remitted to the Supreme Court, Kings County for a determination of the plaintiffs' motion to vacate the conditional order of preclusion. Kooper, J. P., Sullivan, Miller and O'Brien, JJ., concur.