■ RUSKIN, MOSCOU, EVANS & FALTISCHEK, P. C., Respondent, v JEFFREY BEAL et al., Appellants. [622 NYS2d 598] —In an action to recover fees for legal services, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (O'Brien, J.), dated March 4, 1993, as granted the plaintiff's motion for partial summary judgment on its first eleven causes of action against the defendant Jeffrey Beal and struck certain of Beal's affirmative defenses, including lack of personal jurisdiction, and (2) a

judgment of the same court entered April 20, 1993, which is in favor of the plaintiff and against the defendant Beal in the principal sum of $197,939.08.

Ordered that the appeal by the defendant Novus Equities, Inc., is dismissed, without costs or disbursements, as that defendant is not aggrieved by the portion of the order appealed from or by the judgment (see, CPLR 5511); and it is further,

Ordered that the appeal from the order by the defendant Jeffrey Beal is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, without costs or disbursements, the order is modified by deleting the provision thereof which granted that branch of the plaintiff's motion which was for partial summary judgment in favor of the plaintiff and against Beal in the principal sum of $197,939.08, and substituting therefor a provision granting partial summary judgment in favor of the plaintiff and against Beal in the principal sum of $58,427; and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of any remaining balance due and owing to the plaintiff based on the reasonable value of the plaintiff's services, as well as on the plaintiff's twelfth cause of action.

The appeal by the defendant Jeffrey Beal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The Supreme Court properly struck Jeffrey Beal's affirmative defense of lack of personal jurisdiction. Contrary to Beal's contention, he failed to allege any facts to substantiate his conclusory assertion that he had not been properly served with process (see, Sando Realty Corp. v Aris, 209 AD2d 682; Genway Corp. v Elgut, 177 AD2d 467).

Beal acknowledges a debt to the plaintiff for its representation of him in his matrimonial action of $58,427, with the result that the plaintiff is entitled to partial summary judgment on its first 11 causes of action in that amount. However, Beal has submitted evidence that he objected twice in writing to the plaintiff's computation of his account in excess of $58,427, and he has further averred that he protested orally on numerous occasions to identified persons in the plaintiff's

firm that the plaintiff's bills were "overstated, inflated and outright exorbitant". Indeed, a former partner in the plaintiff firm conceded in an affidavit that Beal had expressed his dismay at the firm's bills, although it was the former partner's impression that Beal's remarks were addressed to the latter's "resources to pay, not the obligation". The majority of the plaintiff's bills consist of tallies of hours expended, multiplied by billing rates, with no specification of the services rendered, aside from such boilerplate footnotes as: "Disbursements incurred including qwip, photocopies, etc.". Under the circumstances, Beal's mere retention of unitemized bills does not show an accord on the reasonableness of the charges *(see, Breed, Abbott & Morgan v Aberdeen Petroleum Corp.,* 46 AD2d 618), and Beal's averments are sufficient to raise a triable issue as to the reasonable value of the balance he allegedly owes the plaintiff *(see, e.g., Santora & McKay v Mazzella,* 182 AD2d 572; *Diamond & Golomb v D'Arc,* 140 AD2d 183). Lawrence, J. P., Ritter, Friedmann and Krausman, JJ., concur.