■ NEVILLE P. GRECK, Appellant, v ALFRED ANISH et al., Respondents. [645 NYS2d 68] —In an action, *inter alia,* to recover damages for conversion and fraud, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated January 4, 1995, which, after a hearing, in effect granted the defendants' motion to dismiss the complaint and denied his cross motion to dismiss the defendants' affirmative defense of lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, the complaint is reinstated, and the affirmative defense of lack of personal jurisdiction is dismissed.

We agree with the plaintiff that the Supreme Court erred in dismissing the complaint. The record demonstrates that the unambiguously-worded, first affirmative defense set forth in the answer referred to a single "non-served defendant". Thus, it did not afford an adequate basis for the defendants' subsequent motion to dismiss the complaint for improper service as to all of the defendants (*see generally, Wiesener v Avis Rent-A-Car,* 182 AD2d 372; *Hatch v Tu Thi Tran,* 170 AD2d 649; *Boswell v Jiminy Peak,* 94 AD2d 782; *Osserman v Osserman,* 92 AD2d 932). Moreover, the defendant Shepard Lane, while acting as the defendants' former counsel, conceded in a letter that substituted service had been made upon the individual defendants (*see, e.g., Schottin v Haque,* 179 AD2d 1049; *Yanni v Chopp,* 130 AD2d 489; *Commonwealth Metal Corp. v Paragon Auto Radiator Corp.,* 128 AD2d 751). In any event, the evidence submitted by the plaintiff, including the affidavits of ser-

vice and the credible testimony of the process servers (*see generally, Black v Pappalardo,* 132 AD2d 640; *Rowlan v Brooklyn Jewish Hosp.,* 100 AD2d 844), constituted prima facie proof of valid service (*see, Sando Realty Corp. v Aris,* 209 AD2d 682; *Genway Corp. v Elgut,* 177 AD2d 467) which the defendants' conclusory claims failed to rebut (*see, e.g., Ruskin, Moscou, Evans & Faltischeck v Beal,* 212 AD2d 687; *Dean v Sarner,* 201 AD2d 770; *European Am. Bank v Abramoff,* 201 AD2d 611; *Public Adm'r of County of N. Y. v Markowitz,* 163 AD2d 100). Miller, J. P., O'Brien, Goldstein and McGinity, JJ., concur.