Charles Deng Acupuncture, P.C., as Assignee of Jackson, Vicki, Respondent,
against
Windhaven Insurance Company, Appellant. 




Lawrence N. Rogak, LLC (Lawrence N. Rogak of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered June 15, 2017. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits in the amount of $2,738.52, defendant appeals from an order of the Civil Court which denied defendant's motion for summary judgment dismissing the complaint.
On appeal, defendant argues that the Civil Court lacked "jurisdiction" because defendant is not covered by the provisions of New York Insurance Law § 5107. To the extent that the argument goes to subject matter jurisdiction, it lacks merit. As the complaint seeks to recover a sum of less than $25,000, this action falls within the subject matter jurisdiction of the Civil Court (see CCA 202). 
To the extent that defendant asserts lack of personal jurisdiction, there is no need to consider defendant's claimed lack of contacts with New York since, pursuant to CPLR 3211 (e), an objection to personal jurisdiction is waived unless it is raised in the answer or in a pre-answer motion to dismiss the complaint, whichever comes first (see Hatch v Tu Thi Tran, 170 AD2d 649 [1991]; see also Parasconda v Club Mateem, Inc., 33 Misc 3d 141[A], 2011 NY Slip Op 52201[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). "Absent the pursuit of either course, a defendant's voluntary participation in litigation in which the point can be raised, in and of itself, constitutes a submission to the jurisdiction of the courts" (Gager v White, 53 NY2d 475, 488 [1981]). Here, defendant first appeared by interposing its answer, in which it raised the affirmative defense that the summons was not properly served, but was silent on the issue of personal jurisdiction due to a lack of a jurisdictional basis for the service. Thus, it waived all personal jurisdiction defenses other than the actual service of process (see Hatch, 170 AD2d at [*2]649; Osserman v Osserman, 92 AD2d 932 [1983]). 
Even if we view defendant's argument on appeal as a claim that, on the merits, there is no liability here because defendant is exempt from Insurance Law § 5107, which requires certain insurers to provide no-fault coverage, defendant failed to demonstrate that its policy did not, in fact, provide for such coverage (see Masigla v Windhaven Ins. Co., 64 Misc 3d 137[A], 2019 NY Slip Op 51169[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Consequently, defendant did not demonstrate its entitlement to judgment as a matter of law.
Accordingly, the order is affirmed.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 31, 2020