■ MICHAEL A. RAYMOND, Respondent, v ROBERT H. BRIMBERG et al., Appellants. — Order and judgment (one paper), Supreme Court, New York County (Sheldon Levy, J.), entered July 28, 1983, granting plaintiff's motion for partial summary judgment to the extent of directing the defendants to prepare and file a complete account of the proceedings of the limited partnership, Brimberg & Co., for the period May 1, 1973 to August 31, 1981 insofar as it relates to plaintiff's participation in the partnership, is reversed, on the law, with costs, and plaintiff's motion is denied. ¶ The defendant Brimberg & Co. is a limited partnership which is a member of the New York Stock Exchange. Plaintiff, Michael Raymond was a general partner from May 1, 1973 until he was excluded on August 3, 1981. It is undisputed that his exclusion was appropriately accomplished pursuant to the provisions of the partnership agreement. Raymond commenced this action in July, 1982, however, seeking a judicial accounting, contending, *inter alia,* that the defendants had failed to render a proper accounting of his interest in the partnership. He admits however, that during the term of his membership, he received monthly and annual financial statements of the partnership which were prepared by the accounting firm retained by the partnership. He also admits that subsequent to the termination of his partnership interest, his personal accountant was given access to books and records of the partnership for examination and review. He neither makes claim of fraud or illegality nor asserts that generally accepted accounting practices were not followed by the firm's accountants; rather plaintiff merely sets forth vague and conclusory allegations that merely evince dissatisfaction with the statements and accounts provided to him. Additionally, plaintiff asserts his statutory right to an accounting pursuant to the Partnership Law. ¶ The partnership agreement provides in pertinent part that "[p]romptly after the close of each fiscal year, or at such other time or times as may be appropriate or necessary, the net profits or losses of the partnership shall be determined by the partnership's independent certified public accountants in accordance with sound and generally accepted accounting principles and practices" (art IX, § 9.02) and that "[t]he valuation of partnership interests and the computation of the net worth of the partnership, whenever necessary or appropriate, shall be made by the partnership's independent certified public accountants in accordance with generally accepted and sound accounting principles and practices; *such determinations shall be conclusive and binding upon all parties for all purposes,* with due allowance for any mathematical or posting errors." (Art XII, § 12.01; emphasis added.) The expulsion of Raymond effectively terminated the partnership (Partnership Law, §§ 60, 62, subd 1, par [d]) and entitled him to an "account of his interest" in the partnership (Partnership Law, §§ 73, 74) "unless otherwise agreed" (§ 73) or "in the absence of agreement to the contrary" (§ 74). There can be no doubt that: "In the absence of prohibitory provisions of the statutes or of rules of the common law relating to partnerships, or considerations of public policy, the partners of either a general or limited partnership, as between themselves, may include in the partnership articles any agreement they wish concerning the sharing of profits and losses, priorities of distribution on winding up of the partnership affairs and other matters. If complete, as between the partners, the agreement so made controls". (*Lanier v Bowdoin,* 282 NY 32, 38, mot for rearg den 282 NY 611.) ¶ Here the parties have made provision in their agreement as to how the determination of the valuations of their respective partnership interests shall be made and have provided that "such determinations shall be conclusive and binding upon all partners for all purposes". It is asserted by the certified public accountant retained by the defendants that the August 31, 1981 statement included a full and complete statement of Raymond's partnership interest. Moreover, it is asserted, and not denied by

Raymond, that he has been given a full and fair opportunity to have his own accountant review the books and records of the partnership. ¶ In order to enlist the aid of a court of equity in vindicating the right to an accounting, a plaintiff such as Raymond not only must show the existence of a partnership, its dissolution following the transaction of business which produced profits or losses to be accounted for and a demand for an accounting (none of which are in dispute here), but also "a failure or refusal by the partner with the books, records, profits or other assets of the partnership in his possession to account to the other partner or partners". (*Arrants v Dell Angelo,* 73 AD2d 633.) ¶ The agreement between the parties effectively establishes the exclusive procedure for determining the interest of the partners (cf. *Munyan v Curtis, Mallet-Prevost, Colt & Mosle,* 99 AD2d 716) and thus constitutes a waiver of a judicial accounting. Additionally, plaintiff has failed to even allege, let alone demonstrate factually, that there has been a failure to account as provided for in their agreement or a denial of access to the partnership books and records. ¶ We conclude therefore that Special Term erred in granting partial summary judgment and directing a judicial accounting. Concur — Kupferman, J. P., Carro and Alexander, JJ.

Sandler and Milonas, JJ., dissent in a memorandum by Sandler, J., as follows: I dissent for the reasons set forth in the opinion of Sheldon Levy, J., at Special Term. ¶ Let me acknowledge that the question is a close one, and that the court's memorandum presents a persuasive argument for the result reached. The contrary argument can be set forth concisely. ¶ As the court's memorandum notes: "The expulsion of Raymond effectively terminated the partnership (Partnership Law, §§ 60, 62, subd 1, par [d]) and entitled him to an 'account of his interest' in the partnership (Partnership Law, §§ 73, 74) 'unless otherwise agreed' (§ 73) or 'in the absence of agreement to the contrary' (§ 74)." The question presented then is whether there had been an agreement to the contrary. The portions of the agreement relied upon in the majority memorandum providing that certain determinations by the partnership's certified public accountants "shall be conclusive and binding upon all parties for all purposes" does not in terms address the rights of a partner who has withdrawn or has been excluded from the partnership. No doubt it is arguable that the words "for all purposes" may be interpreted as applying to that situation, but this interpretation seems to me highly questionable. ¶ Arrangements that may be satisfactory to an ongoing partner may well not be satisfactory to someone who has been excluded from the partnership. More than the phrase "for all purposes" would seem to be required before it could be concluded that the partners had agreed in advance to waive their statutory right to a judicial accounting after withdrawal or exclusion. ¶ As Special Term correctly noted, article XI of the agreement provided in detail for arrangements to be made in the contingency of the withdrawal, exclusion, or death of any partner, and nothing appears in that lengthy and detailed article to suggest an agreement in any of those contingencies to waive the statutory right. ¶ Accordingly, the order and judgment of the Supreme Court, New York County (Sheldon Levy, J.), entered July 23, 1983, granting plaintiff's motion for partial summary judgment to the extent of directing the defendants to prepare and file a complete account of the proceedings of the limited partnership for the period May 4, 1973 to August 31, 1981, as it relates to plaintiff's participation in the partnership, should be affirmed.