■ CYNTHIA MARKS et al., Respondents, v DONALD ZUCKER

et al., Appellants.—Order of the Supreme Court, New York County (Francis N. Pecora, J.), entered July 16, 1985, in an action in which the plaintiff, Cynthia Marks, suing individually and on behalf of certain business entities, seeks, *inter alia,* an accounting and damages for fraud, which denied the motion of the defendants to dismiss the complaint pursuant to CPLR 3211, is modified, on the law, without costs, to grant the motion to dismiss with regard to South River Company, 22 Park South Company, and 148 West 23rd Street Company, and to grant the motion to dismiss the first cause of action with regard to Cyndon Management Corp. and CXII Realty Corp., and otherwise affirmed, without prejudice to defendants moving to dismiss pursuant to CPLR 3211 (a) (10) if the plaintiffs do not undertake within 60 days after the entry of this order to join those who have been identified as partners in the various partnerships as to which an accounting has been sought.

The plaintiff, Cynthia Marks, and the defendant, Donald Zucker, were married for 30 years. During the marriage defendant became active as a real estate developer, conducting his business through the vehicle of numerous business entities, primarily partnerships, in many of which his wife had an interest.

In a separation agreement dated February 10, 1984, determining the rights and obligations of the parties arising out of the marital relationship, it was provided that releases executed by them were not to "include any rights or obligations flowing from business interests or any other business relationship between the Husband and Wife." In a letter supplementary to the agreement it was provided that the mutual releases "do not include the rights or obligations flowing from our continuing business relationship", nine such entities being listed with a proviso that the listing was not intended to be "an exclusive listing."

Apparently as a result of defendant's failure to respond to informational requests to the satisfaction of the plaintiff's attorney, this action was commenced on December 19, 1984 by the plaintiff individually and on behalf of a number of business entities against the defendant and the same entities, as well as against another corporation.

Four causes of action were set forth. The first sought an accounting and inspection of records with regard to certain partnerships and two corporations in which the plaintiff claimed to have an interest. The second cause of action sought

damages for fraud, alleging in substance that the plaintiff was fraudulently induced by the defendant to rely upon his good-faith stewardship of her affairs while he at the same time engaged in diversion and misuse of the plaintiff's assets and funds and those of various entities in which she had an interest. The third cause of action was a derivative action on behalf of Cyndon Management Corp. against the defendant husband and Manhattan Skyline Construction Corp., alleging in substance the wasting of the assets of Cyndon and the diversion of its assets to other entities controlled by him, including Manhattan Skyline Construction Corp. The fourth cause of action, also a derivative action, was brought on behalf of the various partnerships in which plaintiff claims an interest, as well as on behalf of two corporations in which the plaintiff claims to be a stockholder.

The defendants moved pursuant to CPLR 3211 to dismiss the complaint, alleging, as here pertinent, documentary evidence showing that the claims lacked merit, the failure of the complaint to state a cause of action, and the failure to join indispensable parties, these being other partners in the partnership entities as to which an accounting was sought in the first cause of action, and on whose behalf a derivative action was brought in the fourth cause of action. Special Term denied the motion to dismiss in all respects.

We note preliminarily that documentary evidence submitted in support of the motion, together with certain affidavits, might well be sufficient to justify the dismissal of one or more of the causes of action with respect to many of the entities set forth in the complaint if they were submitted in support of a motion for summary judgment and if the responsive papers did not raise legally significant issues of fact. Except as hereinafter indicated, however, we are not persuaded that the documentary evidence justifies dismissal pursuant to CPLR 3211, which of course is governed by a different standard.

However, as to three of the partnerships concerning which plaintiff seeks an accounting and on whose behalf she has brought a derivative action, the documentary evidence, embodied in partnership certificates and agreements, appears conclusive that plaintiff at no time had an interest in any of them. Accordingly, the motion to dismiss is granted with regard to those causes of action which rest upon the plaintiff's having had an interest in South River Company, 22 Park South Company, and 148 West 23rd Street Company.

In addition, we are persuaded that plaintiff is not entitled as a stockholder to an accounting with regard to the two corporations identified in her complaint, Cyndon Management Corp. and CXII Realty Corp., the appropriate remedy for the wrongs complained of with regard to those corporations being a derivative action. *(See, Beck v General Tire & Rubber Co.,* 98 AD2d 756, 758; *see also, Wolff v Wolff,* 67 NY2d 638.)

We also think it clear with regard to the cause of action seeking an accounting with regard to the partnerships, that the other partners are necessary parties who must be joined. On this appeal plaintiff has explained the failure to join such partners on the ground that she had not received reliable information as to who they were at the time the action was commenced. Accordingly we affirm the denial of the motion to dismiss for failure to name indispensable parties without prejudice to defendant's moving to dismiss on that ground if plaintiff does not undertake within 60 days of this order to join those partners whose identity has been established by documentary evidence. *(See,* CPLR 1001.) Concur—Sandler, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.