■ NICHOLAS J. ALTEBRANDO, Appellant, v CHARLES J. GOZDZ-IEWSKI et al., Respondents. [849 NYS2d 550]—

Judgment, Supreme Court, New York County (Sherry Klein Heitler, J.), entered November 1, 2006, dismissing the amended complaint pursuant to an order, same court and Justice, entered October 24, 2006, which, in an action arising out of plaintiff's expulsion as an equity partner in defendant firm, inter alia,

granted defendants' motion for summary judgment dismissing the amended complaint, unanimously affirmed, with costs. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff's expulsion was in accordance with the clear and unambiguous language of the parties' partnership agreement providing for the expulsion of an equity partner without cause by unanimous vote of the remaining equity partners. Accordingly, plaintiff's post-expulsion right to firm assets and profits, or other forms of compensation, is governed by the agreement, and, absent an allegation that defendants failed to provide the audits to which he is entitled under the agreement, he is not entitled to judicial relief in the form of a judicial accounting under Partnership Law § 44 (1) (*see Raymond v Brimberg*, 99 AD2d 988 [1984], *appeal dismissed* 64 NY2d 775 [1985]; *cf. Hand v Kenyon & Kenyon*, 227 AD2d 137 [1996]). Nor is plaintiff entitled to an equitable buyout or damages for breach of fiduciary duty, breach of contract or breach of the covenant of good faith and fair dealing (*see Fesseha v TD Waterhouse Inv. Servs.*, 305 AD2d 268, 268 [2003]). To the extent plaintiff's breach of fiduciary duty claim involves breaches of duty owed the partnership by his copartners, such breaches give rise only to a derivative action on behalf of the partnership (*see Sterling v Minskoff*, 226 AD2d 125 [1996]). No issues of fact are raised as to whether the expulsion was done in bad faith (*see Gelder Med. Group v Webber*, 41 NY2d 680, 684 [1977]). We have considered plaintiff's other arguments, including his claimed need for disclosure, and find them unavailing. Concur—Tom, J.P., Saxe, Friedman and Buckley, JJ. [*See* 13 Misc 3d 1241(A), 2006 NY Slip Op 52206(U).]