TREELINE 1 OCR, LLC, Appellant, v NASSAU COUNTY INDUSTRIAL DEVELOPMENT AGENCY, Respondents, et al., Defendants. [918 NYS2d 128]—

The plaintiff is the former owner of commercial real property located at One Old Country Road in Carle Place (hereinafter the property). It alleges that, as a result of metal manufacturing operations on a neighboring parcel of real property located at 40 Voice Road, pollutants migrated onto the property. In July 2004 certain defendants, including CAWSL Enterprises, Inc. (hereinafter CAWSL), entered into a voluntary cleanup agreement with the New York State Department of Environmental Conservation and the New York State Department of Health. In July 2007 the plaintiff entered into a contract to sell the property for the sum of $71.25 million. However, when environmental testing conducted on July 24, 2007, and August 4, 2007, revealed pollutants on the property above a certain threshold established by the contract of sale, the prospective buyer, on September 4, 2007, canceled the contract, and the plaintiff refunded the $3 million deposit to the prospective buyer. In December 2007 the

plaintiff sold the property for the sum of $65 million, or $6.25 million less than the sales price agreed to by the initial buyer. The plaintiff commenced this action, inter alia, to recover damages for the diminution in market value of the property resulting from the alleged contamination, the failure to remediate the property, and the negligence of the alleged former owners of 40 Voice Road, and made the same allegations against the current owner of 40 Voice Road, the Nassau County Industrial Development Agency (hereinafter NCIDA).

"A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Mendelovitz v Cohen*, 37 AD3d 670, 670 [2007]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Fontanetta v John Doe 1*, 73 AD3d 78, 83 [2010]). "On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]).

The Supreme Court properly granted those branches of the motion of the defendant Manley Holdings, Inc. (hereinafter Manley), which were to dismiss the first, second, third, fourth, and fifth causes of action insofar as asserted against it for failure to state a cause of action and based on the documentary evidence. The damages for diminution in market value, resulting from alleged contamination, the failure to remediate, and negligence, which form the basis of the complaint, occurred and were discovered prior to August 8, 2007, the date when Manley acquired 40 Voice Road. Consequently, Manley could not have caused or contributed to the damages for which the plaintiff seeks to recover in the complaint (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Leon v Martinez*, 84 NY2d at 87; *see also Cotton v Beames*, 74 AD3d 1620, 1622 [2010]). NCIDA, which joined in Manley's motion, acquired 40 Voice Road from Manley on August 10, 2007, and, thus, is entitled to the dismissal of the first, second, third, fourth, and fifth causes of action insofar as asserted against it for the same reason (*see Rodriguez v County of Rockland*, 43 AD3d 1026, 1027-1028 [2007]). Accordingly, the first, second, third, fourth, and fifth causes of

action insofar as asserted against Manley and NCIDA were properly dismissed.

In connection with those branches of the motion of the defendants NL Ventures IV Voice, L.P. (hereinafter Ventures LP), and NL Ventures Voice Management, LLC (hereinafter Ventures LLC), which were to dismiss the complaint insofar as asserted against them based on the documentary evidence, those defendants established that they were both formed in Texas, pursuant to Texas law. Ventures LP and Ventures LLC also established that they were both formed on April 6, 2004, and dissolved on October 24, 2007. They thus argued that, under applicable Texas statutes, they were no longer subject to suit.

Under New York law, the laws of the jurisdiction under which a foreign limited partnership and foreign limited liability company are organized govern, respectively, the liability of limited partners in a limited partnership, and the members and managers of a limited liability company (see Limited Liability Company Law § 801; Partnership Law § 121-901). Thus, Texas law applies to the causes of action asserted against Ventures LP and Ventures LLC (see Mizrahi v Chanel, Inc., 193 Misc 2d 1, 4 [2001]). The plaintiff notes that, under the Texas Business Organizations Code, "an existing claim . . . against a terminated filing entity," which includes a limited liability company and limited partnership, "is extinguished unless an action . . . is brought on the claim not later than the third anniversary of the date of termination of the entity" (Tex Bus Orgs Code Ann § 11.359 [a]; see Tex Bus Orgs Code Ann § 1.002 [21]). Accordingly, the plaintiff contends that Ventures LP and Ventures LLC are amenable to suit, since this action was commenced less than three years after those entities were dissolved or terminated. However, as Ventures LP and Ventures LLC correctly contend, the Texas Business Organizations Code does not apply to them, as that statute only became effective on January 1, 2006, they were formed prior to January 1, 2006, and none of the exceptions articulated in the statute are applicable to them (see Tex Bus Orgs Code Ann § 402.001 [a] [1]; §§ 402.003, 402.005; Anderson Petro-Equip., Inc. v State, 317 SW3d 812, 815 n 2 [Tex 2010]).

Nevertheless, a predecessor to the Texas Business Organizations Code—the former Texas Limited Liability Company Act, which was in effect at the time this action was commenced—applies to Ventures LLC. The former Texas Limited Liability Company Act provided that causes of action against a Texas limited liability company accruing prior to the dissolution of that limited liability company survive for three years after the

dissolution of that the limited liability company (*see* former Texas Limited Liability Company Act [Tex Rev Civ Stat Ann art 1528n] art 8.12; former Texas Business Corporation Act [Tex Bus Corp Act Ann] art 7.12). With respect to Ventures LP, however, the former Texas Revised Limited Partnership Act, the predecessor statute under which it was organized, does not contain a provision applicable to Texas limited partnerships that corresponds to the provision in the former Texas Limited Liability Company Act relating to the survival of an existing claim against a dissolved Texas limited liability company. Moreover, the Texas Business Organizations Code, adopted in 2003, and effective January 1, 2006, expressly applies the general three-year survival provision contained therein to limited partnerships formed after January 1, 2006 (*see* Tex Bus Orgs Code §§ 11.356, 11.359; Bill Analysis, HB 1156, 2003 Leg, 78th Sess [Tex 2003]), but is silent as to Texas limited partnerships formed prior to that date. Thus, there is no three-year survival period applicable to claims asserted against Ventures LP. Accordingly, the Supreme Court properly granted that branch of the motion of Ventures LP and Ventures LLC which was to dismiss the complaint insofar as asserted against Ventures LP, but should have denied that branch of the motion which was to dismiss the complaint insofar as asserted against Ventures LLC.

In connection with those branches of CAWSL's motion which were to dismiss the complaint insofar as asserted against it, based on both documentary evidence and failure to state a cause of action, CAWSL submitted, inter alia, an affidavit denying the allegation that it owned 40 Voice Road, and asserting that it merely owned stock in Johnson & Hoffman Manufacturing Corp., the corporation which actually owned 40 Voice Road. This affidavit, however, was insufficient to qualify as documentary evidence under CPLR 3211 (a) (1) (*see Fontanetta v John Doe 1*, 73 AD3d at 84-87). In order to be documentary, the evidence must be unambiguous, authentic, and undeniable; thus, affidavits are not considered documentary evidence (*see Granada Condominium III Assn. v Palomino*, 78 AD3d 996 [2010]; *Fontanetta v John Doe 1*, 73 AD3d at 85). In addition, the voluntary cleanup agreement submitted by CAWSL failed to conclusively establish a defense as a matter of law, as it merely states that the agreement would not constitute an admission that CAWSL was an operator of 40 Voice Road, or had engaged in any wrongdoing. Contrary to the Supreme Court's conclusion, viable causes of action are stated against CAWSL (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]). Accordingly, the Supreme Court should not have dismissed the complaint insofar as asserted against CAWSL.

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur. ■