■ AMOS PETERSON et al., Respondents, v JJ REAL ESTATE, INC., Defendant, and the Estate of JOHN L. PHILLIPS, JR., Deceased, Appellant. [918 NYS2d 534]—

On March 14, 2001, the plaintiffs commenced this action against, among others, John L. Phillips, Jr. (hereinafter the decedent), inter alia, to foreclose a mechanic's lien and to recover damages for breach of contract. Prior to the commencement of this action, the Supreme Court had ordered the appointment of a temporary guardian of the person and property of the decedent, an incapacitated person. Despite the fact that a guardian had been appointed for the decedent, the plaintiffs served the summons and complaint only upon the decedent.

In an answer, dated April 3, 2001, the decedent, acting pro se, answered the complaint without raising the affirmative defense of lack of personal jurisdiction. Thereafter, on July 12, 2006, the decedent's counsel and interim guardian served an answer on

the decedent's behalf without raising the affirmative defense of lack of personal jurisdiction.

In January 2007 the plaintiffs were granted leave to serve an amended complaint. The decedent's then-guardian served an answer to the amended complaint, dated April 5, 2007, without raising the defense of lack of personal jurisdiction. The guardian then amended that answer on April 11, 2007, but still failed to assert the affirmative defense of lack of personal jurisdiction.

The decedent passed away intestate on February 16, 2008, which stayed the action until an administrator was appointed. By stipulation, the plaintiffs served a second amended complaint, which only amended the caption of the amended complaint to include the Estate of John L. Phillips, Jr. (hereinafter the Estate), as a party defendant in place of the decedent.

In its answer, dated June 16, 2009, the Estate, for the first time, asserted as an affirmative defense the lack of personal jurisdiction due to the fact that the decedent's guardian had not been served with the summons and complaint when the action was originally commenced in March 2001. The Estate then moved to dismiss the second amended complaint insofar as asserted against it on that ground. The Supreme Court denied the motion. We affirm.

In effect, the plaintiffs merely substituted the Estate as a party defendant in place of the decedent. The failure of the decedent's guardian to raise the affirmative defense of lack of personal jurisdiction in the three answers served prior to the service of the plaintiffs' second amended complaint or to move on that ground within 60 days of serving those answers, waived the defense of lack of personal jurisdiction (*see* CPLR 3211 [e]; *Federici v Metropolis Night Club, Inc.*, 48 AD3d 741, 742 [2008]; *cf. Mendrzycki v Cricchio*, 58 AD3d 171 [2008]). "[T]he substitution of a party because of death does not extend or renew the time to take any procedural step that has expired" (*Federici v Metropolis Night Club, Inc.*, 48 AD3d at 742). Accordingly, the Supreme Court correctly denied the Estate's motion to dismiss the second amended complaint insofar as asserted against it. Covello, J.P., Lott, Roman and Miller, JJ., concur.