■ MARK SUMMER, Appellant, v MICHELLE SEVERANCE, Respondent. [925 NYS2d 627]—

In an action to recover damages, in effect, for wrongful eviction and conversion, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated April 28, 2010, which granted those branches of the defendant's motion

which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint are denied.

The plaintiff tenant commenced this action against his landlord to recover damages, in effect, for wrongful eviction and conversion. The defendant moved, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, alleging that the plaintiff had abandoned the premises and that she did not convert the plaintiff's personal property. The Supreme Court granted those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. We reverse.

The Supreme Court erred in granting that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint. "To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Teitler v Pollack & Sons*, 288 AD2d 302 [2001]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]). Here, the affidavits relied upon by the defendant in support of the motion did not qualify as documentary evidence under CPLR 3211 (a) (1). "In order to be documentary, the evidence must be unambiguous, authentic, and undeniable; thus, affidavits are not considered documentary evidence" (*Treeline 1 OCR, LLC v Nassau County Indus. Dev. Agency*, 82 AD3d 748, 752 [2011]; *see Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 997 [2010]). The remaining evidence submitted by the defendant failed to conclusively establish a defense as a matter of law.

Moreover, accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d at 87-88; *Sinensky v Rokowsky*, 22 AD3d 563, 564 [2005]), the complaint sufficiently stated causes of action alleging wrongful eviction and conversion. Accordingly, the Supreme Court erred in granting that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. Rivera, J.P., Eng, Roman and Miller, JJ., concur.