In an action to recover damages for personal injuries, the defendants Dis Is We Thing, Inc., Shh Secrets, doing business as Secrets, Rajendra Persaud, McLean Persaud, and Rajesh Persaud appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated March 8, 2012, as denied those branches of their motion which were pursuant to CPLR 3211 (a) to dismiss the first, second, and third causes of action of the second amended complaint insofar as asserted against them, and granted the plaintiff’s cross motion for leave to serve a third amended complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
In a second amended complaint, the plaintiff averred that he was assaulted at a Brooklyn nightclub, which was allegedly owned and operated by the defendants Dis Is We Thing, Inc., Shh Secrets, doing business as Secrets, Rajendra Persaud, McLean Persaud, and Rajesh Persaud (hereinafter collectively the Persaud defendants). The plaintiff served a verified bill of particulars, in which he averred that he was assaulted by an intoxicated patron and a security guard, and that the Persaud defendants failed to provide assistance or necessary security. The Persaud defendants moved pursuant to CPLR 3211 (a) to dismiss the second amended complaint based on documentary evidence, specifically the plaintiffs verified bill of particulars, for failure to state a cause of action, and based on lack of personal jurisdiction over Rajendra Persaud, McLean Persaud, and Rajesh Persaud (hereinafter collectively the individual Persaud defendants). The plaintiff cross-moved for leave to serve a third amended complaint.
The Supreme Court properly determined that the Persaud defendants were not entitled to dismissal pursuant to CPLR 3211 (a) (1), as the verified bill of particulars did not constitute documentary evidence within the meaning of this section (see Summer v Severance, 85 AD3d 1011, 1012 [2011]; Treeline 1 OCR, LLC v Nassau County Indus. Dev. Agency, 82 AD3d 748 [2011]; Fontanetta v John Doe 1, 73 AD3d 78, 86 [2010]; IMO Indus. v Anderson Kill & Olick, 267 AD2d 10 [1999]).
The Supreme Court also properly determined that the *949 Persaud defendants were not entitled to dismissal pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The defendants Dis Is We Thing, Inc., and Shh Secrets, doing business as Secrets, may be liable for an intentional tort committed by an employee while acting within the scope of employment (see Riviello v Waldron, 47 NY2d 297, 302 [1979]; Cheng Feng Fong v New York City Tr. Auth., 83 AD3d 642 [2011V, Helbig 1) City of New York, 212 AD2d 506 [1995]; cf. Vega v Northland Mktg. Corp., 289 AD2d 565 [2001]). In addition, the individual Persaud defendants may be liable to third persons injured by an intentional tort committed by or for the benefit of the corporate defendants (see Bridges v Wyandanch Community Dev. Corp., 66 AD3d 938, 940 [2009]; Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp., 64 AD3d 85, 116 [2009]; Aguirre v Paul, 54 AD3d 302, 304 [2008]; Greenway Plaza Off. Park-1 v Metro Constr. Servs., 4 AD3d 328, 329-330 [2004]; Clark v Pine Hill Homes, 112 AD2d 755 [1985]).
By failing to serve and file a pre-answer motion to dismiss for lack of personal jurisdiction, and thereafter failing to raise lack of personal jurisdiction as an affirmative defense in any of their answers, the individual Persaud defendants waived any objections they may have had to the court’s personal jurisdiction over them (see CPLR 3211 [e]; Peterson v JJ Real Estate, Inc., 82 AD3d 859, 860 [2011]; Hatch v Tu Thi Tran, 170 AD2d 649 [1991]; Osserman v Osserman, 92 AD2d 932, 934 [1983]).
Finally, the granting of the plaintiffs cross motion for leave to serve a third amended complaint to add a cause of action alleging unlawful imprisonment was a provident exercise of the court’s discretion (see CPLR 3025 [b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]). The proposed third amended complaint was neither palpably insufficient nor patently devoid of merit, and the Persaud defendants did not demonstrate any prejudice that would have precluded the granting of the plaintiffs cross motion (see Leibel v Flynn Hill El. Co., 25 AD3d 768 [2006]). Mastro, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.