■ ARTHUR S. YORKES et al., Appellants, v GERALD ROSS et al., Respondents, et al., Defendants.—In an action for, *inter alia,* an accounting and injunctive relief, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Collins, J.), entered March 30, 1987, as granted that branch of the defendant Gerald Ross's cross motion which was to dismiss the second and fifth causes of action as against him.

Ordered that the order is modified by reinstating the fifth cause of action against Ross to the extent that it sought a judgment declaring that the partnership had wound up its affairs; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In March of 1980 the plaintiffs and the defendant Gerald Ross entered into an investment advisory partnership. According to the plaintiffs, this partnership was dissolved by a majority vote on October 9, 1985. Ross subsequently brought suit in the name of the partnership to recover a $7,000 debt it was owed. The plaintiffs commenced this action for, *inter alia,* an injunction preventing Ross from prosecuting his action, a judgment declaring that, aside from the suit Ross had brought, the partnership had wound up its affairs, and an injunction to prevent Ross from bringing any further claims in the name of the partnership.

When a partnership is dissolved, it is not terminated until the partnership affairs are wound up *(see,* Partnership Law § 61).* Dissolution terminates a partner's authority to act for the partnership except to the extent necessary to wind up partnership affairs *(see,* Partnership Law § 64).* Any partner who has not wrongfully dissolved the partnership has the right to wind up partnership affairs "provided * * * that any partner * * * upon cause shown, may obtain winding up by the *court" (see,* Partnership Law § 68).* The plaintiffs do not contend that Ross wrongfully dissolved the partnership, so he was within his rights in prosecuting a collection action on

behalf of the partnership. Therefore the hearing court properly dismissed the plaintiffs' second cause of action.

However, the plaintiffs' fifth cause of action, to the extent that it sought a declaration with respect to the winding up of the partnership's activities, should be reinstated. The Partnership Law permits partners to seek a winding up by the court and the partners are entitled to seek a judgment declaring that the partnership's activities had been wound up *(see,* CPLR 3001, 3017 [b]; Partnership Law § 68). Brown, J. P., Kunzeman, Eiber and Kooper, JJ., concur.