■ JAMES GOODWIN et al., Respondents, v MAC RESOURCES INC. et al., Appellants.—In an action, *inter alia,* for an accounting, the defendants appeal from an order of the Supreme Court, Queens County (Di Tucci, J.), dated June 17, 1988, which, *inter alia,* granted the plaintiffs' motion for a preliminary injunction, directed an accounting, and denied their cross motion to dismiss the complaint for failure to join indispensable parties.

Ordered that the order is modified, on the law, (1) by deleting therefrom the provision denying that branch of the defendants' cross motion which was to dismiss the third and fourth causes of action for failure to join indispensable parties and substituting therefor a provision granting the motion to the extent that the third and fourth causes of action are dismissed unless the plaintiffs join as parties to this action all the limited partners in Dayton Seaside Associates No. 2, and (2) by deleting therefrom the provision denying that branch of the defendants' motion which was to dismiss the first and second causes of action and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendants. The plaintiffs' time to join the limited partners in Dayton Seaside Associates No. 2 is extended until 30 days after service upon them of a copy of this decision and order with notice of entry; in the event the

plaintiffs do not comply, then the order is reversed, with costs, the plaintiffs' motion is denied, the defendants' cross motion is granted in its entirety, and the complaint is dismissed.

A reading of the plaintiffs' verified complaint demonstrates that, contrary to their assertion, this action was neither brought as a derivative action pursuant to Partnership Law § 115-a nor as a class action on behalf of the other limited partners (cf., Lichtyger v Franchard Corp., 18 NY2d 528; Riviera Congress Assocs. v Yassky, 18 NY2d 540). The action at bar is essentially an action by a limited and a general partner on behalf of themselves against another general partner (1) to recover damages for breach of fiduciary duties, (2) to recover damages for breach of contract, (3) for an accounting and (4) for an injunction. The plaintiffs' first and second causes of action for damages are premature and cannot be maintained at this time. It is well settled that as a general rule, partners cannot sue each other at law for acts relating to the partnership unless there is an accounting, prior settlement, or adjustment of the partnership affairs (see, Lord v Hull, 178 NY 9; St. James Plaza v Notey, 95 AD2d 804).

With respect to the plaintiffs' third and fourth causes of action for an accounting and an injunction, these may not be maintained without the joinder of all the limited partners. Generally, all partners are necessary parties in an action for a partnership accounting (see, Morrison v Van Benthuysen, 103 NY 675; Marks v Zucker, 118 AD2d 452), particularly where the action is not brought in a representative capacity (cf., Lichtyger v Franchard Corp., supra; Riviera Congress Assocs. v Yassky, supra). In addition, while an action for an injunction may be properly maintained (see, Parnes v Edelman, 128 AD2d 596), the fourth cause of action was improperly brought because not all necessary parties have been joined. Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.