■ EDWARD DUNAY, Appellant, v LADENBURG, THALMANN & Co., INC., et al., Respondents.—Judgment, Supreme Court, New York County (David H. Edwards, Jr., J. at bench trial), entered May 24, 1990, which, *inter alia,* granted defendants' CPLR 4401 motion at the close of plaintiff's case and dismissed the complaint, unanimously affirmed, without costs.

In 1974, plaintiff and defendants Weisglass and Koenig formed an at will partnership to engage in the stock brokerage business. All revenue and expenses were to be shared on an equal basis. The partners made no capital contributions to the partnership, though the partnership had secured from the publisher of an investment advisory newsletter the rights to distribute the publication and to be exclusive broker of certain subscribers thereof.

The partnership entered into a memorandum of understanding with defendant Ladenburg, Thalmann & Co., Inc. to manage the latter's institutional investors services in sales operations in return for which the partnership was to receive all unassigned accounts. Each of the three partners were appointed vice president of said defendant and were to be employed as registered representatives under a common RR number. The memorandum did not provide for any fixed term and stated it was not intended and should not be construed as a contract or binding legal document.

Thereafter, plaintiff was appointed president of defendant Ladenburg, Thalmann and obtained its chairman's promise to pay him 10% of the profit of the syndication department accruing to the chairman's benefit in return for assistance in marketing securities underwritten by that department, to continue on a year to year basis. Plaintiff contributed his salary as corporate president and share of syndication department profits to the partnership. On April 2, 1979, defendants Weisglass and Koenig informed plaintiff they wished to dissolve the partnership and did so forthwith, forming their own partnership, W.K. Associates, the same day. Plaintiff was allowed to continue the use of the newsletter without charge and remained with the Ladenburg firm with his own RR number for a short period of time, leaving however when the Ladenburg board of directors removed plaintiff as president and appointed, in his stead, Weisglass on May 10, 1979.

Plaintiff received $15,044 from the partnership, the amount reflected on the partnership financial statement for the period through March 31, 1979 as his unpaid share of partnership income. Plaintiff sued Weisglass and Koenig for breach of fiduciary duty and defendants Ladenburg, Thalmann and its chairman for knowing participation therein. At the close of plaintiff's case, the trial court granted defendants' CPLR 4401 motion to dismiss, finding nothing tortious in the actions of two of the three partners dissolving the at will partnership and proceeding to form a new partnership. While it is recognized that plaintiff was, in these circumstances, entitled to his share of income and assets of the former partnership, the trial court found, as a matter of law, there were no partnership assets of value to be distributed.

The dissolution of the at will partnership by defendants Weisglass and Koenig was plainly permissible and upon that event, any fiduciary duty they owed to plaintiff ceased *(Bayer v Bayer,* 215 App Div 454, 473). Plaintiff is not entitled to receive any portion of the substantial profits earned by said defendants subsequent to the date of dissolution based upon their personal ability and services, independent of the dissolved partnership's assets *(Cahill v Haff,* 248 NY 377, 390; *Matter of Silverberg [Schwartz],* 81 AD2d 640).

In this posture, we believe the trial court's conclusion that plaintiff failed to establish a *prima facie* case was correct. There was simply no evidentiary support for the necessary element of the claim, undistributed partnership assets having value. The partnership's relationship with the investment advisory publication had been superceded, more than four

years prior to dissolution of the partnership, by a similar direct relationship between Ladenburg, Thalmann itself and the publisher. Further, upon dissolution, plaintiff was given the right to utilize the newsletter without charge in his relationship with his own clients. The partnership's "right" under the memorandum of understanding to receive Ladenburg, Thalmann's unassigned accounts terminated with the dissolution of the partnership. The claimed partnership's "right" to receive 10% of the Syndication Department's profit accruing to the chairman of Ladenburg, Thalmann was, in fact, derived from plaintiff's own agreement with the Ladenburg, Thalmann chairman, so that plaintiff could hardly have been deprived of its value by or upon the dissolution of the partnership. During the course of trial, plaintiff waived any claim based upon his removal as president of Ladenburg, Thalmann subsequent to the dissolution of the partnership. Finally, to the extent plaintiff may have been entitled to small, additional amounts of commissions or other income paid to the partnership after March 31, 1979, plaintiff also waived that claim during trial of this action.

We note that during the course of plaintiff's case, after hearing the complete testimony of appraisal expert witnesses offered by plaintiff, the court struck such testimony on grounds that the experts lacked specialized knowledge as to this unique partnership. While we would not endorse such action, it is clear to us that, upon determining the CPLR 4401 motion, the trial court reconsidered such testimony and rulings. On this later occasion, it was properly held, in essence, that the testimony was immaterial under legal standards applicable to the dissolution of an at will partnership rendering personal services. We have reviewed plaintiff's other contentions and find them to be without merit. Concur—Kupferman, J. P., Ross, Rosenberger, Asch and Wallach, JJ.