■ EUGENE WYNNE, Plaintiff, v RICHARD GRUBER et al., Defendants. (Action No. 1.) EUGENE WYNNE, Respondent, v RICHARD GRUBER et al., Appellants. (Action No. 2.) [654 NYS2d 788] —In two actions joined for trial to recover damages for breach of a partnership agreement and for the imposition of a constructive trust, the defendants in Action No. 2 appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated March 21, 1996, as denied their motion to dismiss the complaint in Action No. 2 for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellants' motion to dismiss the complaint in Action No. 2 is granted.

In September 1988 the plaintiff Eugene Wynne and the defendants Richard Gruber and Joan C. Boffa entered into an agreement to form a partnership known as Ridge Associates. On April 19, 1994, Gruber and Boffa notified the plaintiff that they were dissolving the partnership, and they subsequently formed a new partnership known as Richard G. Gruber, Ph.D. & Associates (hereinafter Gruber Associates). The plaintiff thereafter commenced Action No. 1 against Gruber, Boffa, and Ridge Associates, seeking judicial dissolution of the partnership and an accounting. While that action was pending, the plaintiff commenced Action No. 2 against his former partners and Gruber Associates, seeking damages for their alleged breach of fiduciary duties and the imposition of a constructive trust upon the new partnership's assets.

On appeal, the defendants contend that the Supreme Court erred in denying their motion to dismiss the complaint in Action No. 2. We agree. As a general rule, "partners may not sue each other at law on any claim relating to the partnership unless there has been an accounting and a 'balance struck' or a promise to pay" (*Silverman v Caplin*, 150 AD2d 673, 674, quoting *Arnold v Arnold*, 90 NY 580, 583; *see, Giblin v Anesthesiology Assocs.*, 171 AD2d 839, 840; *Goodwin v MAC Resources*, 149 AD2d 666, 667). Here, the plaintiff seeks damages for his former partners' alleged breach of fiduciary duties while winding up the affairs of Ridge Associates prior to dissolution. However, an accounting has not yet been conducted in Action No. 1, and thus the plaintiff's claim for damages is premature and cannot be maintained at this time (*see, Goodwin v MAC Resources, supra*).

Furthermore, since the fiduciary relationship between the

former partners ended when Gruber and Boffa notified the plaintiff that they were dissolving Ridge Associates (*see, Dunay v Ladenburg, Thalmann & Co.*, 170 AD2d 335; *Matter of Silverberg [Schwartz]*, 81 AD2d 640), the plaintiff's claim that his former partners solicited Ridge Associates' patients during the winding up process is insufficient to establish a cause of action for the imposition of a constructive trust upon the assets of Gruber Associates (*see generally, Sharp v Kosmalski*, 40 NY2d 119, 121). Miller, J. P., Santucci, Joy and Krausman, JJ., concur.