■ 1056 SHERMAN AVENUE ASSOCIATES et al., Appellants, v GUYCO CONSTRUCTION CORP. et al., Respondents. 1056 SHERMAN AVENUE ASSOCIATES et al., Appellants, v ALVIN KNOLL, Respondent. [690 NYS2d 657] —In related actions, *inter alia,* for an accounting, (1) the plaintiffs in the action bearing Westchester County Index No. 17388/97 appeal from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered January 20, 1998, as granted that branch of the defendants' motion which was to dismiss the complaint in that action and denied that branch of their cross motion which was to consolidate that action with a previously-commenced action bearing Westchester County Index No. 12404/95, and (2) the plaintiffs in the action bearing Westchester County Index No. 17389/97 appeal from so much of an order of the same court, entered February 23, 1998, as granted that branch of the defendant's motion which was to dismiss the complaint in that action.

Ordered that the order entered January 20, 1998, is modified, on the law and as a matter of discretion in the interest of justice, by (1) deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the cause of action of the complaint bearing Index No. 17388/97 which was for an accounting, and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof denying that branch of the plaintiffs' cross motion which was to consolidate the action bearing Index No. 17388/97 with the prior action bearing Index No. 12404/95, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered February 23, 1998, is affirmed insofar as appealed from, without costs or disbursements.

These appeals arise from two of three actions in which the parties are members of three limited partnerships formed to purchase, renovate, and manage three rental properties in New York City. In the first commenced action bearing Westchester County Index No. 12404/95 (hereinafter Action No. 1), the Supreme Court granted certain branches of a motion by

the defendants in that action which were to (1) dismiss the plaintiffs' causes of action to recover damages as premature since no accountings had been conducted, and (2) amend their answer to assert a counterclaim for accountings. Despite the fact that no accountings were ever conducted, an action bearing Westchester County Index No. 17388/97 (hereinafter Action No. 2) was commenced to recover damages based on virtually identical breaches of contract and fiduciary obligations as were alleged in Action No. 1. All but one of the plaintiffs in this action were also plaintiffs in Action No. 1, however, the plaintiffs in Action No. 2 also asserted a cause of action for an accounting. The Supreme Court granted that branch of the defendants' motion which was to dismiss Action No. 2 as premature in advance of an accounting, in light of the dismissal of Action No. 1, and denied the plaintiffs' cross motion to consolidate Actions No. 1 and 2 as academic. The court similarly dismissed the third commenced action bearing Westchester County Index No. 17389/97 (hereinafter Action No. 3) in which the plaintiffs therein, 1056 Sherman Avenue Associates, West 116th Street Associates, and Bronx-Sheridan Avenue Associates, sued Alan Knoll, a limited partner, for negligence and breach of contract regarding the renovation of the buildings.

There are clearly many factual issues to be resolved in connection with the various claims of the parties. It is precisely this kind of controversy that is aptly governed by the well established rule that an action at law may not be maintained by one partner against another for any claim arising out of the partnership until there has been a full accounting, except where the alleged wrong concerns a partnership transaction which may be determined without an examination of partnership accounts (*see, Miske v Berdon,* 189 AD2d 594; *Goodwin v MAC Resources,* 149 AD2d 666; *Kriegsman v Kraus, Ostreicher & Co.,* 126 AD2d 489; *Munyan v Curtis Mallet-Prevost, Colt & Mosle,* 99 AD2d 716). Accordingly, insofar as the parties have yet to account, their various claims for damages may not be decided. However, we note that the only accounting claims sustained by the Supreme Court were those interposed via the counterclaim of the defendants in the Action No. 1. Since the same plaintiffs are involved in Action No. 2, the cause of action in Action No. 2 which was for an accounting must be reinstated so that there is a mutual obligation to account as between the parties. However, the Supreme Court properly dismissed the complaint in Action No. 3 since in that action the plaintiffs only sought to recover damages for negligence and breach of contract. Until accountings are completed, the parties' respec-

tive claims for damages relative to all three actions cannot be determined. Finally, to the extent that we have reinstated the cause of action for an accounting in Action No. 2, it should be consolidated with the surviving counterclaims for an accounting in Action No. 1, as this will serve judicial economy (*see, Raboy v McCrory Corp.,* 210 AD2d 145).

We have reviewed the appellants' remaining contentions and find them to be without merit. S. Miller, J. P., O'Brien, Ritter and Santucci, JJ., concur.