■ DAVID SIMONS, Appellant, v PATRICIA DOYLE, Respondent. [694 NYS2d 11] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered January 27, 1998, which denied plaintiff's motion to strike defendant's answer and for sum-

mary judgment and granted defendant's cross motion for summary judgment dismissing the complaint and for a default judgment on her counterclaims to the extent of directing an inquest and assessment of damages, unanimously affirmed, without prejudice to plaintiff bringing an action for an accounting, without costs.

The IAS Court properly determined that plaintiff had defaulted in replying to defendant's counterclaims since plaintiff failed to serve a reply "denominated as such" (CPLR 3011) within 25 days of the service of defendant's answer and counterclaims (see, CPLR 3012 [a]; 2103 [b] [2]). In opposing defendant's motion for a default judgment upon her counterclaims, plaintiff failed to demonstrate that he had a meritorious defense and a reasonable excuse for his default in replying (see, BLF Realty Holding Corp. v Cano, 255 AD2d 264, lv dismissed 93 NY2d 881).

Plaintiff's complaint arising out of the breach of a partnership agreement was properly dismissed. "It is well established that an action at law may not be maintained by one partner against another for any claim arising out of the partnership until there has been a full accounting except where the alleged wrong involves a partnership transaction which can be determined without an examination of the partnership accounts" (Kriegsman v Kraus, Oestreicher & Co., 126 AD2d 489, 490). Contrary to plaintiff's argument, the resolution of his claims for damages arising out of the sale of property subject to the parties' partnership agreement requires inspection of the records and expenses of the partnership. In any event, plaintiff failed to state a cause of action for fraud since the complaint does not establish that defendant acted with intent to defraud or that plaintiff acted in reliance on a material misrepresentation made to him (see, Pensee Assocs. v Quon Indus., 241 AD2d 354, 360; Feldman v Grant, 213 AD2d 340, 341, lv denied 86 NY2d 701, 708). Plaintiff also failed to state a claim for intentional infliction of emotional distress (see, Murphy v American Home Prods. Corp., 58 NY2d 293, 303). Concur—Mazzarelli, J. P., Wallach, Rubin, Andrias and Saxe, JJ.