■ SOUTH NASSAU COMMUNITIES HOSPITAL, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [783 NYS2d 312]—

In an action to recover unpaid benefits due under the no-fault provisions of the Insurance Law, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated December 11, 2003, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Moreover, the "[f]ailure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The plaintiff did not sustain its prima facie burden in this case, as its submissions in support of its motion for summary judgment unequivocally demonstrated that it received payments on behalf of both of the insureds to whom it rendered medical treatment. Accordingly, the plaintiff's papers failed to eliminate triable issues of fact regarding whether the claims at issue were the subjects of previous billings by the plaintiff which were resolved, and whether the current requests for no-fault payments constituted a resubmission of claims to which the rule of Insurance Law § 5106 (a) requiring payment or denial of claims within 30 days of receipt would not apply (*see generally Hospital for Joint Diseases v Allstate Ins. Co.*, 5 AD3d 441 [2004]). In light of the foregoing, we need not examine the adequacy of the defendant's papers in opposition to the motion. Santucci, J.P., Adams, Mastro and Spolzino, JJ., concur.