■ MARGERY WIESENTHAL, Appellant, v JEROME M. WIESENTHAL, Respondent, et al., Defendants. [838 NYS2d 581]—

In an action, inter alia, for an accounting, the plaintiff ap-

peals from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered April 3, 2006, as denied that branch of her motion which was to strike the counterclaims asserted by the defendant Jerome M. Wiesenthal, and granted that defendant leave to replead the counterclaims as an action in equity for an accounting.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant Jerome M. Wiesenthal leave to replead the counterclaims as an action in equity for an accounting; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff is the preliminary executrix of the estate of her late husband, Melvin Wiesenthal (hereinafter the decedent). For a number of years, the decedent and his brother, the defendant Jerome M. Wiesenthal (hereinafter the defendant), practiced law together as equal partners in the firm of Wiesenthal & Wiesenthal. The two brothers were also equal partners in Jerimel Associates, which they formed for the purpose of owning, managing, and selling real estate. Shortly after her husband's death in May 2004, the plaintiff commenced this action against the defendant and the two partnerships seeking, among other relief, a final accounting of the partnership businesses. In his answer, the defendant asserted two counterclaims alleging that the decedent had withdrawn money from the two partnerships in excess of his 50% share. The plaintiff thereafter moved for partial summary judgment on her claim for an accounting, and to strike the defendant's counterclaims upon the grounds that they were time-barred by either the three-year or six-year statute of limitations governing claims for breach of fiduciary duty (*see* CPLR 214 [4]; 213 [1]), and failed to satisfy the pleading requirements of CPLR 3016 (b). The Supreme Court granted that branch of the plaintiff's motion which was for partial summary judgment on her claim for an accounting, but denied that branch of her motion which was to strike the defendant's counterclaims. The court also granted the defendant leave to replead his counterclaims as an action in equity for an accounting.

Contrary to the plaintiff's contention, the court properly concluded that the counterclaims are not time-barred. A cause of action for breach of fiduciary duty is governed by a six-year statute of limitations where the relief sought is equitable in nature (*see* CPLR 213 [1]), or by a three-year statute of limitations where the only relief sought is money damages (*see* CPLR 214 [4]; *Klein v Gutman*, 12 AD3d 417 [2004]; *Kaufman v Cohen*, 307 AD2d 113 [2003]; *Dignelli v Berman*, 293 AD2d 565

[2002]). However, a partner may not maintain an action at law for any claim arising out of the partnership until there has been a full accounting and a balance struck, or an express agreement to pay (*see Stark v Goldberg,* 297 AD2d 203 [2002]; *Wynne v Gruber,* 237 AD2d 284 [1997]; *Giblin v Anesthesiology Assoc.,* 171 AD2d 839 [1991]; *Goodwin v MAC Resources,* 149 AD2d 666 [1989]; *St. James Plaza v Notey,* 95 AD2d 804 [1983]). Although exceptions to this general rule have been recognized where the wrong alleged involves a partnership transaction which can be determined without an examination of the partnership accounts (*see Simons v Doyle,* 262 AD2d 236 [1999]; *1056 Sherman Ave. Assoc. v Guyco Constr. Corp.,* 261 AD2d 519 [1999]; *St. James Plaza v Notey, supra*), or where "no complex accounting is required or only one transaction is involved which is fully closed but unadjusted" (*Giblin v Anesthesiology Assoc., supra* at 840; *see Agrawal v Razgaitis,* 149 AD2d 390 [1989]), these exceptions do not apply here, where resolution of the counterclaims will involve examination of the partnership books and records covering a period of more than six years.

Although the counterclaims are premature until an accounting has been completed (*see Gaentner v Benkovich,* 18 AD3d 424 [2005]; *Gold v Ingber,* 307 AD2d 609 [2003]; *1056 Sherman Ave. Assoc. v Guyco Constr. Corp., supra; Wynne v Gruber, supra*), in view of the fact that the plaintiff has already been granted summary judgment on her claim for an accounting, the interest of judicial economy would not be served by dismissing the counterclaims and requiring the defendant to assert them in a separate action once the accounting has been completed (*see Seiden v Gogick, Seiden, Byrne & O'Neill,* 278 AD2d 302 [2000]). Furthermore, since an accounting has already been directed and the defendant, as the sole surviving member of the subject partnerships, is apparently in possession of the partnership books and records, we find it unnecessary to grant him leave to replead his counterclaims as an equitable cause of action for an accounting.

Finally, we find no merit to the plaintiff's contention that the counterclaims fail to comply with the pleading requirements imposed upon breach of fiduciary duty claims pursuant to CPLR 3016 (b). "This provision requires only that the misconduct complained of be set forth in sufficient detail to clearly inform a defendant with respect to the incidents complained of" (*Lanzi v Brooks,* 43 NY2d 778, 780 [1977]). Here, the counterclaims were set forth in sufficient detail to inform the plaintiff of the incidents complained of, and were further amplified by the documentary evidence produced by the defendant during the

course of discovery. Accordingly, there was no basis to dismiss the counterclaims for failure to comply with CPLR 3016 (b). Mastro, J.P., Santucci, Krausman and Carni, JJ., concur.