■ GERALDINE BLAIR et al., Respondents, v OTTO BREHM, INC., Appellant. [863 NYS2d 751]—In an action to recover damages for breach of two employment agreements, the defendant appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered June 27, 2007, which denied its motion to compel the plaintiffs to provide evidence regarding mitigation of damages pursuant to CPLR 3124 and for sanctions pursuant to CPLR 3126, granted the plaintiffs' cross motion for a protective order preventing the defendant from discovering evidence related to mitigation of damages, granted the plaintiffs' motion for leave to amend the complaint, and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiffs' cross motion for a protective order and substituting therefor a provision denying that cross motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant failed to submit evidence in admissible form which demonstrated the absence of any triable issues of fact regarding its claim that the plaintiffs failed to perform their obligations pursuant to the subject employment agreements. The affirmation from the defendant's attorney and supporting exhibits were insufficient to support its cross motion for summary judgment (*see Menzel v Plotnick,* 202 AD2d 558 [1994]; *Simms v North Shore Univ. Hosp.,* 192 AD2d 700 [1993]). Accordingly, the defendant did not make a prima facie showing that it was entitled to judgment as a matter of law and the Supreme Court properly denied its cross motion therefor (*see generally South Nassau Communities Hosp. v Allstate Ins. Co.,* 12 AD3d 357 [2004]).

However, the court erred in granting the plaintiffs' cross motion for a protective order preventing the defendant from obtaining discovery on the issue of mitigation of damages. CPLR 3101 (a) provides that there "shall be full disclosure of all matter material and necessary in the prosecution . . . of an action" (*see Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406 [1968]). The issue of mitigation of damages was material and thus the defendant is entitled to discovery on the issue.

The defendant's remaining contentions are without merit. Rivera, J.P., Lifson, Santucci and Miller, JJ., concur.