■ MARK J. METZGER et al., Respondents-Appellants, v PAUL J. GOLDSTEIN et al., Appellants-Respondents. [33 NYS3d 81]—

In an action, inter alia, to recover damages for breach of fiduciary duty, unjust enrichment, and for an accounting, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Dutchess County (Rosa, J.), dated July 31, 2014, as, upon an order of the same court dated July 3, 2013, denying those branches of their cross motion which were pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted by the plaintiff Goldstein & Metzger, LLP, to dismiss the complaint insofar as asserted against the defendants Lindsey M. Goldstein and Goldstein & Goldstein, and to dismiss the causes of action alleging breach of fiduciary duty and unjust enrichment, and upon an order of the same court dated December 18, 2013, denying those branches of their motion pursuant to CPLR 3104 (d) which were to review certain portions of a referee's order dated October 28, 2013, and, thereupon, confirming those portions of the referee's order which granted those branches of the plaintiffs' motion which were to compel certain discovery and to sanction them for their failure to timely comply with discovery demands, is in favor of the plaintiff Mark J. Metzger and against them in the sum of

$11,171 for undistributed hourly legal fees, and in the sum of $9,465 as a sanction for their failure to timely comply with discovery demands. The plaintiffs cross-appeal, as limited by their brief, (1) from stated portions of the same judgment which, among other things, confirmed so much of a referee's report dated July 21, 2014, made after a hearing, as recommended that the plaintiffs are not entitled to recover certain legal fees or to reimbursement of certain rent payments, and (2) from so much of an order of the same court dated December 10, 2014, as denied that branch of their motion which was for leave to reargue with respect to certain determinations in the judgment.

Ordered that on the Court's own motion, the defendants' notices of appeal from the orders dated July 3, 2013, and December 18, 2013, are deemed premature notices of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the cross appeal from the order dated December 10, 2014, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument (*see US Bank N.A. v Smith*, 132 AD3d 848 [2015]); and it is further,

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof in favor of the plaintiff Mark J. Metzger and against the defendants in the sum of $9,465 as a sanction for the defendants' failure to timely comply with discovery demands; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, that branch of the defendants' motion pursuant to CPLR 3104 (d) which was to review so much of the referee's order dated October 28, 2013, as granted that branch of the plaintiffs' motion which was to sanction the defendants for their failure to timely comply with discovery demands is granted, and the order dated December 18, 2013, is modified accordingly.

Contrary to the defendants' contention, the Supreme Court properly determined that the plaintiff Mark J. Metzger had standing to maintain derivative causes of action on behalf of the plaintiff Goldstein & Metzger, LLP (hereinafter G&M), and against the defendant Paul J. Goldstein (hereinafter Goldstein), his former law partner, after G&M was dissolved, since the purpose of the action related to winding up G&M's affairs (*see* Partnership Law § 64). "Dissolution terminates a partner's authority to act for the partnership except to the extent necessary to wind up partnership affairs" (*Yorkes v Ross*, 142 AD2d 642, 642 [1988]).

Under the circumstances of this case, the Supreme Court

properly determined that the complaint stated a cause of action for an accounting against Goldstein's newly-formed law firm, the defendant Goldstein & Goldstein (hereinafter G&G), and Goldstein's daughter, the defendant Lindsey M. Goldstein, who was an associate at G&M and copartner with Goldstein in G&G (*see Schoner v Koeppel*, 237 App Div 860, 860 [1932]). "As an incident of [an] accounting it is proper to bring in a third party who, with one of the partners," is alleged to have "wrongfully deprived the partnership of some of its assets, and to require him [or her] to account therefor" (*id.* at 860; *see* CPLR 1002 [b]).

The Supreme Court properly denied those branches of the defendants' cross motion which were to dismiss, as premature, the causes of action alleging breach of fiduciary duty and unjust enrichment. As a general rule, "an action at law may not be maintained by one partner against another for any claim arising out of the partnership until there has been a full accounting, except where the alleged wrong concerns a partnership transaction which may be determined without an examination of partnership accounts" (*1056 Sherman Ave. Assoc. v Guyco Constr. Corp.*, 261 AD2d 519, 520 [1999]). In the interest of judicial economy, "premature piece-meal judgments between partners which may later require adjustment when all the business of the partnership is reviewed are [to be] avoided" (*Schuler v Birnbaum*, 62 AD2d 461, 463 [1978]). However, where, as here, "the law partnership at issue is at an end, and all of the claims and counterclaims alleged between the partners have accrued . . . , any determination by the Supreme Court . . . will neither involve interference with the day-to-day management of the partnership nor result in a piecemeal adjustment of the amounts, if any, owed by one party to any other" (*Seiden v Gogick, Seiden, Byrne & O'Neill*, 278 AD2d 302, 304 [2000]). Accordingly, under the circumstances presented here, the court properly permitted the plaintiffs to adjudicate all of their claims in a single action (*see id.* at 304).

Further, the Supreme Court properly confirmed so much of a referee's order dated October 28, 2013, as granted that branch of the plaintiffs' motion which was to compel the defendants to produce limited disclosure relating to clients retained by G&G after G&M's dissolution, as such matters were "material and necessary" to the prosecution of the plaintiffs' claims (CPLR 3101 [a]).

However, the Supreme Court erred in confirming so much of the referee's order as granted that branch of the plaintiffs' motion which was to sanction the defendants for their failure to

timely comply with discovery demands. Contrary to the findings of the referee, the defendants' delay of approximately 24 days in responding to discovery was neither wilful nor contumacious, as such delay was due to a substitution of counsel (*see Dokaj v Ruxton Tower Ltd. Partnership*, 91 AD3d 812 [2012]; *Quinones v Long Is. Jewish Med. Ctr.*, 90 AD3d 632 [2011]; *Mangru v Schering Corp.*, 90 AD3d 621 [2011]). Moreover, even though a court may impose monetary sanctions where the party's behavior is not wilful or contumacious (*see Dean v Usine Campagna*, 44 AD3d 603, 605 [2007]; *Carella v Reilly & Assoc.*, 297 AD2d 326, 327 [2002]; *Smith v New York Tel. Co.*, 235 AD2d 529, 530 [1997]), in this instance, the defendants' behavior did not warrant such sanctions.

The Supreme Court properly confirmed so much of a referee's report dated July 21, 2014, as recommended that the plaintiffs are not entitled to recover a portion of the legal fees earned by G&G from contingency fee matters that were opened after G&M dissolved. A dissolved partnership is only entitled to the value of the contingency cases on the date of the partnership's dissolution (*see In re Thelen LLP*, 24 NY3d 16, 29 [2014]). Consequently, a dissolved partnership has no claim for fees derived from cases that were opened after the partnership dissolved.

Moreover, "no law firm has a property interest in future hourly legal fees because they are 'too contingent in nature and speculative to create a present or future property interest'" given the client's unfettered right to hire and fire counsel (*id.* at 28, quoting *Verizon New England Inc. v Transcom Enhanced Servs., Inc.*, 21 NY3d 66, 72 [2013]). Consequently, the Supreme Court properly confirmed so much of the referee's report as recommended that the plaintiffs are not entitled to recover a portion of any hourly fees earned by G&G.

The plaintiffs' contention regarding their claim for reimbursement of rent paid to maintain the G&M office space from July 15, 2012, to December 31, 3012, is without merit. The record establishes that both Metzger and Goldstein had equal and unfettered access to the office space during that time period, regardless of whether either former partner chose to utilize it.

The parties' remaining contentions are without merit. Balkin, J.P., Sgroi, Duffy and Connolly, JJ., concur.