Rabiea v Darwish (2019 NY Slip Op 01627)





Rabiea v Darwish


2019 NY Slip Op 01627


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-10244
 (Index No. 26687/09)

[*1]Claire Rabiea, et al., appellants, 
v
Sue Darwish, etc., et al., respondents.


Edward Weissman, New York, NY (Jan Marcantonio of counsel), for appellants.
Cordova & Schwartzman, LLP, Garden City, NY (Jonathan B. Schwartzman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and conversion, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered September 2, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action against their two brothers, now deceased, to recover proceeds from the sale of real property owned by the family in Lebanon. The plaintiffs alleged that pursuant to a declaration executed by the brothers in 1966, the interest in the property was supposed to be divided equally among the plaintiffs, their three siblings, and their mother. The plaintiffs alleged that the property was sold in 1993, and that their brothers failed to pay the plaintiffs their share of the proceeds. The plaintiffs asserted causes of action alleging breach of contract ["default under the Declaration"], conversion, fraud, unjust enrichment, and breach of fiduciary duty, and sought to impose a constructive trust.
The Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the basis that each of the causes of action was barred by the applicable statute of limitations. The plaintiffs appeal.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint as time-barred by demonstrating that the plaintiffs did not commence the action within the applicable three-year and six-year statutes of limitation (see CPLR 213[1]; CPLR 213[2]; CPLR 213[8]; CPLR 203[g]; CPLR 214[3]; State of New York v Seventh Regiment Fund, 98 NY2d 249, 259; Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399; Wiesenthal v Wiesenthal, 40 AD3d 1078, 1079; Siler v Lutheran Social Servs. of Metro. N.Y., 10 AD3d 646, 648). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the action was timely commenced with respect to any of the causes of action set forth in the complaint. We find that the averments contained in the affidavit of the plaintiff Josette Buchman, submitted in opposition to the defendants' motion, contradicted her earlier deposition testimony, and raised only a feigned issue of fact (see Steinsvaag v City of New York, 96 AD3d 932, 933; Rivera v Glen Oaks Vil. Owners, Inc., [*2]41 AD3d 817, 821; Stancil v Supermarkets Gen., 16 AD3d 402, 403). Further, the fact that each of the plaintiffs received money in 1995 from the sale of the property belies Buchman's averment that she did not know that the property had been sold. Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the complaint as time-barred.
The plaintiffs' remaining contentions are without merit.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court