| |
|:---:|
| **Chelsea v Tekiner** |
| 2024 NY Slip Op 34278(U) |
| December 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154224/2023 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------X

GONCA TEKINER CHELSEA, BREMEN HOUSE INC.

Plaintiffs,

- v -

YASEMIN TEKINER, ZEYNEP TEKINER,

Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154224/2023 |
| MOTION DATE | 07/24/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 88

were read on this motion to 　　　　　　COMPEL DISCOVERY 　　　　　　.

Plaintiffs Gonca Tekiner Chelsea and Bremen House, Inc.'s ("Plaintiffs") move for an Order (i) pursuant to CPLR 3124, to compel Defendant Yasemin Tekiner ("Yasemin") to produce all outstanding responsive documents, (ii) pursuant to CPLR 3126 and 22 NYCRR § 130-1.1, imposing sanctions on Yasemin and awarding to Plaintiffs costs and reasonable attorneys' fees, and (iii) pursuant to CPLR 3103, directing that the depositions of Yasemin and Defendant Zeynep Tekiner ("Zeynep") be postponed until Defendants have satisfied their discovery obligations. Yasemin opposes this motion.

Plaintiffs' motion is granted in part. "CPLR 3101(a) provides that there shall be full disclosure of all matter material and necessary in the prosecution of an action" (*Blair v Otto Brehm, Inc.*, 54 AD3d 702, 702 [2d Dept 2008]). "The words 'material and necessary' as used in section 3101 must 'be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and

**154224/2023   TEKINER CHELSEA, GONCA ET AL vs. TEKINER, YASEMIN ET AL**
**Motion No.  003**

Page 1 of 5

1 of 5

reducing delay and prolixity'" (*Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014] [citations omitted]).

As relevant here, Plaintiffs commenced this action against Yasemin and Zeynep in May 2023, based on documents that were revealed in a motion to withdraw as counsel in the related action, *Tekiner v Bremen House et al*, Index No. 657193/2020 (Sup Ct, NY County 2020). Specifically, Plaintiffs allege claims against Yasemin and Zeynep for, among other things, breach of fiduciary duty and breach of contract based on a decision to pledge a Life Insurance Trust's assets to finance litigation.

In this motion, Plaintiffs seek an order compelling Yasemin (1) to produce all responsive documents and communications in her possession, regardless of the self-proclaimed "capacity" in which Yasemin claims to have sent, received, drafted or executed these documents; (2) to produce certain documents known as the Litigation Funding Agreements; and (3) to produce documents improperly withheld as privileged.

First, as to Plaintiffs' request to compel discovery relating to Yasemin's action taken in personal capacity (as opposed to in her capacity as trustee), Yasemin is directed to produce all relevant and responsive documents and communications in her possession, regardless of the "capacity" in which Yasemin sent, received, drafted or executed these documents. The threshold issue is relevance. A bright light rule based on "capacity" is not sustainable.

However, as to Plaintiffs' second request relating to the Litigation Funding Agreement, the Term Sheet, the Joint Interest Agreement, and a Mandel Retainer Agreement (the "Funding Agreements"), this request is denied. The Court already determined by Order dated June 17, 2024, following the parties' respective Rule 14 submissions and *in camera* inspection, that "[a]lthough the Payment Agreement references the Funding Agreements, the Court concludes

**154224/2023   TEKINER CHELSEA, GONCA ET AL vs. TEKINER, YASEMIN ET AL**
**Motion No.  003**

**Page 2 of 5**

(based on its review of those documents) that the Funding Agreements themselves do not reference or implicate the Life Insurance Trust, and thus finds— based on the current record— that the Funding Agreements are not relevant to this action and need not be produced in discovery" (NYSCEF 55). While it is true, as Plaintiffs argue, that the phrase "based on the current record" meant that the Court *could* reconsider this finding, Plaintiffs have only made arguments already considered by the Court. Therefore, the Court declines to revise its ruling on this motion.

Finally, as to the third request relating to documents withheld as privileged, this request is granted in part. Plaintiffs identified three types of purportedly improperly withheld communications: (1) documents in Categories 1, 3, 4, 5 and 6 which include communications between Yasemin's Litigation Counsel and Harwood; (2) documents in Categories 1 and 3, which predate the Payment Agreement's execution; and (3) documents in Categories 1 and 5, which indicate in their descriptions that they involve "advice with respect to the ...[T]rust." Plaintiffs argue that even if any of these categories were privileged, Yasemin waived that privilege by pleading advice of counsel as an affirmative defense. Plaintiffs also argue that Yasemin has not produced the attachments to an April 11, 2022 email, JT00000101 (NYSCEF 75) which copies Yasemin's partner, Lisa Rubin.

First, consistent with the above, documents or attachments that include or quote from the Funding Agreements or drafts of the Funding Agreements are properly withheld by Yasemin, regardless of whether Yasemin's partner was also copied on it. The email at issue indicates that the attachments are term sheets from ERSO and Statera.

Next, Plaintiffs argue that Yasemin waived any attorney-client privilege as to documents in Categories 1, 3, 4 and 5 by placing the advice contained in such communications "at issue" by

**154224/2023 TEKINER CHELSEA, GONCA ET AL vs. TEKINER, YASEMIN ET AL** **Page 3 of 5**
**Motion No. 003**

3 of 5

[* 3]

invoking an advice of counsel affirmative defense. "'At issue' waiver of privilege occurs where a party affirmatively places the subject matter of its own privileged communication at issue in litigation, so that invasion of the privilege is required to determine the validity of a claim or defense of the party asserting the privilege, and application of the privilege would deprive the adversary of vital information" (*Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust*, 43 AD3d 56, 63 [1st Dept 2007]). "Of course, that a privileged communication contains information relevant to issues the parties are litigating does not, without more, place the contents of the privileged communication itself 'at issue' in the lawsuit; if that were the case, a privilege would have little effect" (*id.* at 64). "Rather, 'at issue' waiver occurs 'when the party has asserted a claim or defense that he intends to prove by use of the privileged materials'" (*id.* [citations omitted]).

Here, Yasemin's advice-of-counsel defense responds to the contention that it was inappropriate for her as a trustee to pledge life insurance proceeds in the Payment Agreement. Accordingly, she must produce her communications, if any, with counsel relating to that issue (*Deutsche Bank Tr. Co. of Americas v Tri-Links Inv. Tr.*, 43 AD3d 56, 64 [1st Dept 2007] ["selective disclosure is not permitted as a party may not rely on the protection of the privilege regarding damaging communications while disclosing other self-serving communications"]) and represents in her opposition that she has done so. That does not mean Plaintiffs are entitled to *all* communications with or among Yasemin's attorneys. Yasemin is directed to revise her privilege log and produce documents consistent with this Order (if any have been withheld), and provide more specific descriptions for any documents that she continues to withhold as privileged.

Category 6, which post-dates the Payment Agreement by over a year, includes partners of the law firm Greenfield, Stein & Senior LLP, which Yasemin submits she retained in connection

with a proceeding in Westchester County Surrogate's Court. As Plaintiffs fail to respond to this argument, the Court is not persuaded that these documents would be implicated by the "at issue" waiver.

Finally, Plaintiffs' request for sanctions is denied.

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is

**ORDERED** that Plaintiffs' motion to compel is **GRANTED IN PART**.

This constitutes the Decision and Order of the Court.

20241204133427JMCOHEN764AEA37A0094B37BDFBD7CFCFD61C42

_____
**12/4/2024**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

154224/2023   TEKINER CHELSEA, GONCA ET AL vs. TEKINER, YASEMIN ET AL
Motion No.  003

Page 5 of 5

5 of 5