Fernandes v Fernandes (2025 NY Slip Op 00848)

Fernandes v Fernandes

2025 NY Slip Op 00848

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
ROBERT J. MILLER
HELEN VOUTSINAS, JJ.

2023-01418
 (Index No. 620847/17)

[*1]Graca Fernandes, plaintiff/counterclaim defendant-respondent-appellant,
v
Maria Fernandes, et al., defendants/counterclaim plaintiffs-respondents, Horseblock Holding Assoc., defendant/counterclaim plaintiff-appellant- respondent; Manuel Fernandes, et al., additional counterclaim defendants-respondents.

Stim & Warmuth, P.C., Farmingville, NY (Paula J. Warmuth of counsel), for defendant/counterclaim plaintiff-appellant-respondent and defendants/counterclaim plaintiffs-respondents.
Richard B. Stafford, Bohemia, NY, for plaintiff/counterclaim defendant-respondent-appellant and additional counterclaim defendants-respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for conversion and unjust enrichment, the defendant/counterclaim plaintiff Horseblock Holding Assoc. appeals, and the plaintiff/counterclaim defendant cross-appeals, from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated December 23, 2022. The order, insofar as appealed from, denied that branch of the motion of the defendants/counterclaim plaintiffs which was for summary judgment on the first counterclaim. The order, insofar as cross-appealed from, granted those branches of the motion of the defendants/counterclaim plaintiffs which were for summary judgment dismissing the complaint insofar as asserted against the defendant/counterclaim plaintiff Maria Fernandes and for summary judgment dismissing so much of the complaint insofar as asserted against the defendants/counterclaim plaintiffs Augusto Fernandes and Horseblock Holding Assoc. as sought to recover damages for alleged acts or omissions occurring more than three years prior to the commencement of the action.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants/counterclaim plaintiffs which was for summary judgment dismissing so much of the complaint insofar as asserted against the defendants/counterclaim plaintiffs Augusto Fernandes and Horseblock Holding Assoc. as sought to recover damages for alleged acts or omissions occurring more than three years prior to the commencement of the action, and substituting therefor a provision granting that branch of the motion which was for summary judgment dismissing so much of the complaint insofar as asserted against the defendants/counterclaim plaintiffs Augusto Fernandes and Horseblock Holding Assoc. as sought to recover damages for alleged acts or omissions occurring more than six years prior to the commencement of the action; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff/counterclaim defendant, Graca Fernandes (hereinafter Graca), and the defendant/counterclaim plaintiff Maria Fernandes (hereinafter Maria) are sisters who married brothers. Maria is married to the defendant/counterclaim plaintiff Augusto Fernandes (hereinafter Augusto), and Graca is married to the additional counterclaim defendant Manuel Fernandes (hereinafter Manuel). Since 2003, Graca and Maria have been 50/50 partners in the defendant/counterclaim plaintiff Horseblock Holding Assoc. (hereinafter the partnership) and Augusto has been the managing agent of the partnership. Since July 2006, the partnership has owned real property located at 2074 Horseblock Road in Medford (hereinafter the premises), which consists of rental apartments, a laundry facility, and two storage yards.
In October 2017, Graca commenced this action against Maria, Augusto, and the partnership (hereinafter collectively the defendants), asserting, inter alia, causes of action sounding in conversion and unjust enrichment. As alleged, from January 2007 to October 2017, Graca did not receive her 50% share of the rents and proceeds collected from the premises, as required by the partnership agreement. In their answer, the defendants asserted counterclaims against the plaintiff and two additional counterclaim defendants, Manuel and Classic Concrete Associates, Inc. (hereinafter Classic Concrete). In the first counterclaim, the partnership sought back rent from Manuel and Classic Concrete for their use of a storage yard on the premises from 2013 through September 12, 2017. In April 2022, the defendants moved for summary judgment dismissing the complaint and on the first counterclaim. The defendants contended, among other things, that so much of the complaint as alleged acts or omissions occurring more than three years prior to the commencement of the action was time-barred.
By order dated December 23, 2022, the Supreme Court, inter alia, granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Maria, on the ground that Graca's causes of action against Maria were premature prior to a full accounting with respect to the partnership. Additionally, based upon its determination that all the causes of action were subject to a three-year statute of limitations, the court granted that branch of the motion which was for summary judgment dismissing so much of the complaint insofar as asserted against Augusto and the partnership as sought to recover damages for alleged acts or omissions occurring more than three years prior to the commencement of the action. The court denied that branch of the motion which was for summary judgment on the first counterclaim, finding a lack of "proof in evidentiary form." The partnership appeals, and Graca cross-appeals.
An action at law may not be maintained by one partner against another for any claim arising out of the partnership until there has been a full accounting, unless the alleged wrong concerns a partnership transaction that may be determined without an examination of partnership books and records (see Metzger v Goldstein, 139 AD3d 918, 920; Wiesenthal v Wiesenthal, 40 AD3d 1078, 1080; 1056 Sherman Ave. Assoc. v Guyco Constr. Corp., 261 AD2d 519, 520). However, in circumstances where the partnership is at an end, "'and all of the claims and counterclaims alleged between the partners have accrued,'" a court may determine such claims, because such a determination will not interfere with the day-to-day management of the partnership or "'result in a piecemeal adjustment of the amounts, if any, owed by one [partner] to any other'" (Metzger v Goldstein, 139 AD3d at 920, quoting Seiden v Gogick, Seiden, Byrne & O'Neill, 278 AD2d 302, 304).
Here, there was no evidence that the partnership had ended. Further, none of the exceptions to the general rule were applicable. The wrong alleged did not involve "a partnership transaction which can be determined without an examination of the partnership accounts" (Wiesenthal v Wiesenthal, 40 AD3d at 1080; see 1056 Sherman Ave. Assoc. v Guyco Constr. Corp., 261 AD2d at 520), a situation where "no complex accounting is required," or a situation involving "only one transaction . . . which is fully closed but unadjusted" (Wiesenthal v Wiesenthal, 40 AD3d at 1080 [internal quotation marks omitted]). Therefore, the Supreme Court properly granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Maria, who was Graca's partner in the partnership (see Wiesenthal v Wiesenthal, 40 AD3d at 1080; 1056 Sherman Ave. Assoc. v Guyco Constr. Corp., 261 AD2d at 520).
Contrary to the Supreme Court's determination, the causes of action were subject to a six-year statute of limitations rather than a three-year statute of limitations. "In determining which limitations period is applicable to a given cause of action, the court must look to the substance of the allegations rather than to the characterization of those allegations by the parties" (Dray v Staten Is. Univ. Hosp., 160 AD3d 614, 617; see Western Elec. Co. v Brenner, 41 NY2d 291, 293; Haddad v Muir, 215 AD3d 641, 642). "[W]hen damage to property or pecuniary interests is involved, the six-year statute governs regardless of how the theory of liability is described, as long as the asserted liability had its genesis in the contractual relationship of the parties" (Wikiert v City of New York, 128 AD3d 128, 136 [emphasis and internal quotation marks omitted]; see Baratta v Kozlowski, 94 AD2d 454, 461). Thus, "where liability is premised on a contractual relationship, the six-year statute of limitations applies" (Wikiert v City of New York, 128 AD3d at 137; see Whealon v Gramercy Park Residence Corp., 214 AD3d 427, 428).
Here, the allegations underlying each of the causes of action in the complaint were premised on the obligations of Maria and the partnership, under the partnership agreement, to pay Graca 50% of the profits derived from the premises. Insofar as the defendants' liability was "premised on a contractual relationship, the six-year statute of limitations applies" (Wikiert v City of New York, 128 AD3d at 137).
Contrary to the partnership's contention, the Supreme Court correctly determined that the defendants failed to submit evidence in admissible form to demonstrate the absence of any triable issues of fact as to the back rent allegedly owed by Manuel and Classic Concrete (see CPLR 3212[b]; Blair v Otto Brehm, Inc., 54 AD3d 702, 702; see also Bank of Am., N.A. v Huertas, 195 AD3d 891). Accordingly, the court properly denied that branch of the motion which was for summary judgment on the first counterclaim, without regard to the sufficiency of the opposition papers.
The partnership's contention that it was relying on certain admissions for the amount of back rent due is raised on appeal for the first time in its reply brief and has not been considered, as it is not properly before this Court (see Deutsche Bank Natl. Trust Co. v Ellis, 225 AD3d 741, 742; Deutsche Bank Natl. Trust Co. v Smith, 211 AD3d 817, 819).
DILLON, J.P., GENOVESI, MILLER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court