Gross v Kikuchi (2025 NY Slip Op 05150)

Gross v Kikuchi

2025 NY Slip Op 05150

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Webber, J.P., Kapnick, Gesmer, Higgitt, Hagler, JJ. 

Index No. 656290/23|Appeal No. 4732|Case No. 2024-07027|

[*1]Frederick Gross et al., Plaintiffs-Appellants,
v
Alan Kikuchi et al., Defendants-Respondents, VS Management Partner LLC, et al., Defendants.

Drohan Lee LLP, New York (Vivian Rivera Drohan of counsel), for appellants.
Stradley Ronon Stevens & Young, LLP, New York (Eric Porter of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered October 24, 2024, which granted the motions of defendants Alan Kikuchi and Daniel Krieger to dismiss the complaint pursuant to CPLR 3211(a)(1), (5), and (7) and denied plaintiffs' cross-motion to amend the complaint and for expedited discovery, unanimously affirmed, without costs.
The court properly dismissed the first cause of action for breach of an oral agreement because the alleged oral agreement was too indefinite (see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589-590 [1999]; Brembo, S.P.A. v T.A.W. Performance LLC, 176 AD3d 535, 536 [1st Dept 2019]) and lacked consideration (see id.). In their appellate brief, plaintiffs claim the consideration was their forbearance, but this is insufficient because neither the complaint nor plaintiffs' affidavits in opposition to defendants' motions make reference to any evidence that supports their claim (see Reddy v Mihos, 160 AD3d 510, 515 [1st Dept 2018], lv denied 32 NY3d 902 [2018]).
The court correctly dismissed the second cause of action for breach of contract because neither the second cause of action nor the preceding allegations in the complaint incorporated by reference identify the provisions of the operating agreement of defendant VS Management Partners, LLC (the Management Firm) that were breached (see 34-06 73, LLC v Seneca Ins. Co., 39 NY3d 44, 52 [2022]). Plaintiffs' affidavits in opposition to defendants' motions did not remedy this defect. In their brief, plaintiffs claim they are suing for other contracts in addition to the operating agreement, but the complaint itself merely alleges that defendants breached the operating agreement.
The court properly dismissed the fourth cause of action for breach of the covenant of good faith and fair dealing implied in the oral agreement. "No implied covenant of good faith and fair dealing arises in the absence of a contract" (King Penguin Opportunity Fund III, LLC v Spectrum Group Mgt. LLC, 187 AD3d 688, 690 [1st Dept 2020]). Since we agree with the motion court that there was no enforceable oral agreement, plaintiffs' claim for breach of the implied covenant necessarily fails (see e.g. StarVest Partners II, L.P. v Emportal, Inc., 101 AD3d 610, 613 [1st Dept 2012]).
The court correctly dismissed the third cause of action for breach of fiduciary duty. The complaint alleges, "A fiduciary relationship exists between the Plaintiffs and the Defendants because the Plaintiffs are equity holders and substantial investors in the Fund Entities." Under Delaware law, a cause of action for breach of fiduciary duty requires "(1) the existence of a fiduciary duty; and (2) breach of that duty by the defendant" (Schroeder v Pinterest Inc., 133 AD3d 12, 22 [1st Dept 2015]). Plaintiffs cite no authority for the proposition that a Fund Entity owes a fiduciary duty to its investors.
Kikuchi and Krieger were managers of the Management Firm, which was a Delaware LLC. However, by the time of the alleged breach of fiduciary duty (the "refus[al] and/or fail[ure] to provide a specific accounting and distribute monies rightfully owed to the Plaintiffs from the settled Class Action"), plaintiffs were no longer members: they withdrew as of December 31, 2013, and they allege that the class action settled in or about May of 2018. Moreover, the Management Firm, Fund Entities, and defendant VS Capital Partners, LP were all dissolved or cancelled between August 2014 and January 2015. Upon dissolution, any fiduciary duty that defendants would have owed to plaintiffs had ceased (see Dunay v Ladenburg, Thalmann & Co., 170 AD2d 335, 336 [1st Dept 1991], lv denied 78 NY2d 851 [1991]).
Plaintiffs also contend, "the fiduciary duty at issue [is] that which [defendants] owed to [plaintiffs] . . . at the time of their redemption and withdrawal. That is the point . . . at which NAVs [net asset values] were understated due to an undisclosed contingent receivable" (emphasis omitted). However, plaintiffs do not allege that at the time of their withdrawal and redemption (December 31, 2013), defendants knew that the Fund Entities would eventually be entitled to part of the class action settlement. On the contrary at oral argument in Supreme Court, plaintiffs' counsel acknowledged that, at the time plaintiffs withdrew and were compensated, defendants had no knowledge of the class action claim. Thus, it is unclear how defendants breached their fiduciary duty by distributing the assets that the Fund Entities had at the time of plaintiffs' withdrawal and redemption.
Moreover, if defendants breached their fiduciary duty as of December 31, 2013, plaintiffs' claim is time-barred. "The statute of limitations on a breach of fiduciary duty claim is three years" (In re Fox Corp. Derivative Litig., 307 A3d 979, 989 [Del Ch 2023]). Plaintiffs did not sue until December 6, 2023, almost 10 years later.
"To prevail on a breach of fiduciary duty claim, plaintiffs must show an actual, existing fiduciary relationship between the plaintiff and the defendants at the time of the alleged breach" (Schroeder, 133 AD3d at 23 [internal quotation marks omitted]). If the breach occurred in or after May 2018 (when the class action settled and Kikuchi and Krieger refused to give any of the settlement to plaintiffs), plaintiffs were former members. Plaintiffs cite no authority for the proposition that a manager of a Delaware LLC owes a fiduciary duty to former (as opposed to current) members.
"A former director breaches his fiduciary duty if he engages in transactions that had their inception before the termination of the fiduciary relationship or were founded on information acquired during the fiduciary relationship" (id. at 24 [ellipses, emphasis, and internal quotation marks omitted]). However, in Schroeder, the plaintiffs argued that the defendant's "breach of fiduciary duties had its inception prior to his alleged abandonment of the companies" (id.). By contrast, here, plaintiffs contend that defendants had a fiduciary duty to distribute part of the class action settlement to them because the settlement represents a reimbursement of expenses that the Fund Entities incurred at a time when plaintiffs were still investors. Plaintiffs do not allege that defendants did anything wrong during the period when the parties were in a fiduciary relationship.
The court properly dismissed the last cause of action, which seeks a declaration "that Defendants breached their Operating Agreement and Oral Agreement." This claim is duplicative of the contract claims (see KNIC LLC v New York City Economic Dev. Corp., 198 AD3d 481, 482 [1st Dept 2021]).
The court providently exercised its discretion by denying plaintiffs' cross-motion for leave to amend their complaint (see generally 34-06, 39 NY3d at 50). Plaintiffs failed to submit a proposed amended complaint (CPLR 3025[b]), and their claim that they could not do so "due to [defendants'] lack of transparency and the limited discovery available at this early stage," is unavailing. Plaintiffs should already possess copies of the Fund Entities' partnership agreements or the subscription agreements by which they became investors in the Fund Entities. Similarly, they do not need discovery to allege the terms of and consideration for the purported oral contract, as they participated in the conversation at which the agreement was reached.
The court also providently exercised its discretion by denying plaintiffs' cross-motion for expedited discovery. As noted above, plaintiffs do not need discovery to remedy the defects of the complaint.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025